**Lawrence EAGLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–92–00105–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1992.

Discretionary Review Refused
Jan. 20, 1993.

Kenneth E. Goode, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant entered a plea of nolo contendere before the court to the offense of burglary of a habitation with intent to commit sexual assault. Tex.Penal Code Ann. § 30.02 (Vernon 1989). He was convicted and the court assessed punishment at imprisonment for 35 years. We affirm.

In two points of error, appellant argues that Rule 40(b)(1) of the Texas Rules of Appellate Procedure is unconstitutional. We will address both points of error together.

■ Following a pre-trial hearing, the trial court denied appellant's Motion to Suppress Identification and Motion in Limine on Extraneous Offense. Appellant, after being carefully and fully admonished by the trial court, entered a plea of nolo contendere. By entering a plea of nolo contendere, appellant admitted all facts charged in the indictment. *Fierro v. State,* 437 S.W.2d 833, 834 (Tex.Crim.App.1969). A plea of nolo contendere is conclusive as to the defendant's guilt insofar as a criminal prosecution is concerned. *Id.*

■ In the portion of the judgment that recites "Terms of Plea Bargain" there is a handwritten notation, "No agreed Recommendation." Such recitals contained in the judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App. 1984).

There is also a document in the transcript entitled, "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which contains the entry "I intend to enter a plea of no contest and the prosecutor will recommend that my punishment should be without an agreed recommendation and State reserves right to argue for sentence of no more than 40 years with a cap of 40 years[.]"

This does not constitute an agreement between appellant and the State as to punishment. Although appellant agreed he would enter a plea of nolo contendere and the State agreed it would dismiss four felony cases pending against appellant, the punishment was not agreed to and was decided by the court.

■ Appellant argues Rule 40(b)(1) is unconstitutional because it denies him the benefit of appellate review of the written pre-trial motions. Rule 40(b)(1) provides in relevant part:

if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, *and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney,* in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Tex.R.App.P. 40(b)(1). (Emphasis added.)

■ The Court of Criminal Appeals has interpreted the statute to mean that when a defendant knowingly and understandably enters a plea, and there is no plea agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *King v. State,* 687 S.W.2d 762, 765–766 (Tex. Crim.App.1985). A defendant's voluntary and knowing guilty plea waives nonjurisdictional defects. *Lemmons v. State,* 818 S.W.2d 58, 59 (Tex.Crim.App.1991). This is also referred to as the *"Helms* rule." *See Helms v. State,* 484 S.W.2d 925, 927 (Tex. Crim.App.1972).

■ The *Helms* rule does not apply under Tex.R.App.P. 40(b)(1) if there is a plea bargain and the error is raised in a written pre-trial motion. *Lemmons,* 818 S.W.2d at 59. There is a departure from the *Helms* rule when two restrictive conditions are met: "one, that there be a *negotiated recommendation as to punishment*

and, two, that the punishment actually assessed by the trial court not exceed the recommendation." *Prochaska v. State*, 587 S.W.2d 726, 729 (Tex.Crim.App. [Panel Op.] 1979). Absent an agreed recommendation as to punishment, the *Helms* rule applies with full force and appellant waives all points of error raising nonjurisdictional defects.

Appellant does not contend, nor do we find, that there was an agreement to punishment when appellant and the State agreed that the State would not argue for more than 40 years imprisonment.

Appellant argues Rule 40(b)(1) violates both the due process clause and the equal protection clause of the United States Constitution because it allows defendants who have reached a plea agreement with the State an expanded appellate review of the merits of their appeals, while those defendants who do not reach an agreement as to punishment are denied the right to appeal all but jurisdictional defects. Appellant also contends it is fundamentally unfair to force a defendant either to agree to punishment terms with a prosecutor or else sacrifice review of his written motions.

Appellant argues that the *Helms* Rule should be overruled. If the *Helms* Rule is to be overruled, it must be done by the Court of Criminal Appeals, not by this court.

Because appellant entered a plea of nolo contendere and because there was no agreed punishment recommendation, appellant waived all nonjurisdictional defects including error relative to the trial court's rulings on his pretrial motions and claimed deprivations of federal due process and equal protection. Accordingly, we overrule appellant's two points of error.

We affirm the judgment of the trial court.