# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00200-CR

**Bruce Wayne Shankle, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 50,368, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Bruce Wayne Shankle pleaded guilty to aggravated sexual assault. The district court adjudged him guilty and assessed punishment at imprisonment for forty years. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2001). Appellant contends the court reversibly erred by failing to admonish him before accepting his plea that he would be required to register as a sex offender. We must first decide, however, if appellant's general notice of appeal was adequate to confer jurisdiction on this Court.

### *Jurisdiction*

There was a plea bargain agreement in this case. In exchange for appellant's guilty plea, the State agreed to consent to the court taking into consideration when assessing punishment a burglary offense for which appellant had been indicted but not tried. *See* Tex. Pen. Code Ann. § 12.45 (West 1994). The State also agreed to file no more charges arising from events occurring

on the date of the charged aggravated sexual assault. The plea agreement additionally provided for an adjudication of guilt and that "sentencing will be done by the Judge taking the plea in this case." At the sentencing hearing, appellant admitted his guilt of the unadjudicated burglary with the prosecutor's consent, and the district court took that offense into consideration in assessing punishment.

There is a limited right to appeal when a defendant is convicted of a felony on his plea of guilty and "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App. P. 25.2(b)(3). The question presented here is whether appellant's plea bargain contained an agreed punishment recommendation within the meaning of rule 25.2(b)(3). If it did, his general notice of appeal was insufficient under the rule to confer jurisdiction on this Court. *See Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet.); *see also Cooper v. State*, 45 S.W.3d 77, 80-81 (Tex. Crim. App. 2001).

This Court has held that rule 25.2(b)(3) applies not only when the State agrees to recommend a specific number of years, but also when the agreement calls for a recommended punishment "cap" below which the trial court may exercise its discretion in assessing punishment. *Delatorre v. State*, 957 S.W.2d 145, 148-49 (Tex. App.—Austin 1997, pet. ref'd).[1] This cause is distinguishable from *Delatorre* because the State did not agree to recommend either a specific term of years or a cap. Under the agreement, the State was free to recommend any punishment within the range prescribed by statute. In fact, the State asked the court to sentence appellant to the maximum term of life imprisonment.

---

[1] *Delatorre* construed former appellate rule 40(b)(1), the relevant portion of which was substantially identical to present rule 25.2(b)(3).

The State argues that rule 25.2(b)(3) is invoked by any agreement which effectively limits the defendant's punishment exposure. The State's contention is that by agreeing to allow the district court to take the unadjudicated burglary of a habitation into consideration in assessing punishment, the State gave up its right to prosecute appellant for that offense and thereby removed any possibility that appellant might be cumulatively punished for both offenses. The State draws our attention to a motion filed by the State asking that any punishment assessed in this cause and in the burglary prosecution be ordered to run consecutively.

In support of its contention, the State cites *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996), and *Ditto v. State*, 988 S.W.2d 236, 238-39 (Tex. Crim. App. 1999). In *Watson*, the court held that when a prosecutor recommends deferred adjudication in exchange for a defendant's guilty plea, the trial court does not exceed that recommendation if, upon adjudicating guilt, it assesses any punishment within the range provided by law. 924 S.W.2d at 714.[2] In *Ditto*, the court held that a plea agreement setting a cap on punishment is satisfied when the trial court defers adjudication, and that imposition of a higher sentence is not prohibited upon adjudication of guilt. 988 S.W.2d at 239-40. Neither holding speaks to the issue before us.

Appellant refers us to the opinion in *Eaglin v. State*, 843 S.W.2d 153 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). In that case, the State agreed to dismiss four other pending felony cases in exchange for the defendant's plea, but expressly disclaimed any agreement

---

[2] *Watson* further held that the earlier plea bargain agreement limited the defendant's right to appeal following adjudication of guilt. *Watson v. State*, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996). This holding was recently disavowed in *Vidaurri v. State*, No. 151-99, slip op. at 9 (Tex. Crim. App. June 20, 2001).

3

as to the punishment to be imposed. *Id*. at 154. The court held that there was no agreed punishment recommendation within the meaning of what is now rule 25.2(b)(3). *Id*. The cause before us is distinguishable from *Eaglin* because the plea bargain agreement did not expressly state that there was no punishment recommendation. Nevertheless, we find it instructive that the *Eaglin* court did not consider the agreement to dismiss the other charges to be an agreed punishment recommendation.

Rule 25.2(b)(3) does not limit the right to appeal whenever there is a bargained guilty plea, but only when "the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant." The plea agreement before us foreclosed the possibility of appellant being separately tried, convicted, and punished for the unadjudicated burglary, but the agreement placed no limitation on the punishment to be assessed in this cause. There was no possibility of a cumulation order in this cause because appellant had not been tried and convicted in the burglary case. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2001). While we do not hold that an agreement to forego cumulative punishment can never invoke rule 25.2(b)(3), we do hold that the State's agreement to the consideration of the unadjudicated burglary offense pursuant to section 12.45 did not constitute an agreed punishment recommendation in this cause within the meaning of rule 25.2(b)(3).[3] The general notice of appeal was therefore adequate to invoke our jurisdiction.

---

[3] After appellant was sentenced, the prosecutor told the court, "Your Honor, I note for the court there is a plea agreement in this case and that was – so his right of appeal is limited." Defense counsel responded, "Correct." Of course, if the plea agreement is not within the ambit of rule 25.3(b)(3), the attorneys' belief to the contrary cannot make it so.

*Admonishment*

Before accepting appellant's guilty plea, the district court failed to admonish him that he would be required to meet the requirements of the sex offender registration program. Tex. Code Crim. Proc. Ann. art. 26.13(a)(5) (West Supp. 2001); *see id*. ch. 62 (Texas Sex Offender Registration Program). The court also failed to ascertain whether appellant's attorney had advised him regarding the registration requirements. *Id*. art. 26.13(h). Appellant contends the court's failure to comply with article 26.13 rendered his guilty plea involuntary. The State urges that the court's error did not render appellant's plea involuntary or otherwise affect a substantial right because sex offender registration is only a collateral consequence of the guilty plea.

The rule that a guilty plea must be voluntary is not without limits, especially as it concerns collateral consequences. *See Ex parte Evans*, 690 S.W.2d 274, 277 (Tex. Crim. App. 1985). The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into the decision. *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 757 (1970)). If a defendant is fully advised of the direct consequences of his plea, his ignorance of a collateral consequence does not render the plea involuntary. *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *United States v. Long*, 852 F.2d 975, 979-80 (7th Cir. 1988)).

Three other courts of appeals have concluded that registration as a sex offender is a collateral consequence, rather than a direct consequence, of a plea of guilty to an offense subject to the registration program. *Ruffin v. State*, 3 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Guzman v. State*, 993 S.W.2d 232, 236 (Tex. App.—San Antonio 1999, pet. ref'd); *In re B. G. M.*, 929 S.W.2d 604, 606-07 (Tex. App.—Texarkana 1996, no writ) (juvenile case). We

5

are persuaded by the reasoning of these opinions, which we will not repeat here. We conclude that sex offender registration is a collateral consequence of appellant's guilty plea, and that the district court's failure to admonish him regarding the registration program or to ascertain what counsel had told him about the program did not render his plea involuntary.

The fact remains, however, that the district court did not substantially comply with the article 26.13(a)(5) admonishment requirement.[4] *See* Tex. Code Crim. Proc. Ann. art. 26.13(c) (West 1989) (substantial compliance with admonishment requirements sufficient); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (failure to give required admonishment is not substantial compliance). The failure to substantially comply with article 26.13(a) is not reversible error per se. *Cain*, 947 S.W.2d at 264. Instead, it is nonconstitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Aguirre-Mata v. State*, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999) (failure to admonish regarding range of punishment); *Carranza v. State*, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (failure to admonish regarding deportation status). "[W]e understand Rule 44.2(b) to require that when there has been no substantial compliance with the admonishment requirements of article 26.13, a defendant is required to show *no more* than that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Carranza*, 980 S.W.2d at 658.[5]

---

[4] *Ruffin* and *Guzman* were decided before article 26.13 was amended to require an admonishment regarding sex offender registration.

[5] Although the *Carranza* court spoke of the defendant being required to show harm, the court of criminal appeals has since made it clear that an appellant has no burden to show harm under rule 44.2(b). *Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). "[I]t is the responsibility of the appellate court to assess harm after reviewing the record and . . . the burden to demonstrate whether the appellant was harmed by a trial court error does not rest on the appellant or the State." *Id*.

Having announced the test for harmful error, the *Carranza* court went on to apply it in that case. *Id.* The State argued that the failure to admonish Carranza that his guilty plea might result in his deportation was harmless because Carranza was illegally in this country and therefore subject to deportation in any event. *Id.* Carranza argued, and the court of criminal appeals agreed, that under federal immigration law he was "clearly at a greater disadvantage if subject to deportation as a criminal deportee rather than one who has an expired permit." *Id.* The court concluded that because Carranza had "affirmatively shown that he was harmed by the failure of the trial court to admonish him regarding the deportation consequences of his plea . . . he [had] shown that this error affected a substantial right." *Id.*[6] As we understand *Carranza*, a substantial right is affected by the trial court's failure to give an admonishment required by article 26.13(a) if the conviction based on the guilty plea results in harm to the defendant directly related to the subject of the omitted admonishment. *Cf. Cain*, 947 S.W.2d at 264 (failure to admonish regarding deportation harmless where record showed defendant was United States citizen); *Aguirre-Mata v. State*, 26 S.W.3d 922, 926 (Tex. App.—Houston [1st Dist.] 2000, pet. granted) (failure to admonish regarding range of punishment harmless where record showed defendant was otherwise told correct punishment range).

Appellant's situation is closely analogous to Carranza's. Sex offender registration, like deportation, is a collateral consequence of the guilty plea. *See State v. Jimenez*, 987 S.W.2d 886, 888-89 (Tex. Crim. App. 1999) (deportation is collateral consequence of guilty plea). A consequence is no less serious for being collateral. Because of this conviction, appellant will be required to register as a sex offender for the rest of his life. Tex. Code Crim. Proc. Ann. art. 62.12(a) (West Supp.

---

[6] *See* footnote 5, *supra*.

2001).  The legislature considers sex offender registration so serious that it requires the trial judge, before accepting a guilty plea, both to admonish the defendant of the registration requirement and to ascertain whether counsel has advised the defendant about it.  Tex. Code Crim. Proc. Ann. art. 26.13(a)(5), (h).  The district court failed to substantially comply with article 26.13(a)(5).  The conviction arising from appellant's guilty plea will result in harm to him in the form of a lifetime duty to register as a sex offender.  The duty to register was the subject of the omitted admonishment.  We therefore conclude that, as in *Carranza*, the district court's error affected a substantial right.

The judgment of conviction is reversed and the cause is remanded for a new trial.

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed:   September 13, 2001

Publish