# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00306-CR

**Otis Derrick Taplin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 51,432, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Otis Derrick Taplin pleaded guilty to possessing more than four grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2001). The district court assessed punishment at imprisonment for thirty years. Appellant's only point of error is that the court should have granted his request to withdraw the guilty plea. The State urges that we do not have jurisdiction to consider this contention. We conclude that we do have jurisdiction and that the district court did not abuse its discretion by refusing to permit appellant to withdraw his plea. Therefore, we will affirm the conviction.

*Jurisdiction*

The State argues that appellant's general notice of appeal does not invoke this Court's jurisdiction under the terms of Texas Rule of Appellate Procedure 25.2(b)(3). Under this rule, a defendant who pleads guilty to a felony has a limited right to appeal if "the punishment assessed did

not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App. P. 25.2(b)(3). If the notice of appeal in such a case does not state that the appeal falls within one of three permitted categories, it does not invoke the appellate court's jurisdiction. *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet.); *see also Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (rule 25.2(b) limits every appeal in plea bargain, felony case).

The clerk's record contains a "disclosure of plea recommendation" reciting that "no plea bargain agreement has been reached between the Defendant and the State." The record otherwise reflects, however, that the State agreed to abandon three indictment paragraphs alleging previous felony convictions for enhancement of punishment and to permit appellant to enter an "open" plea to the unenhanced first-degree felony. Considering the record as a whole, we believe that there was a plea bargain, but that it did not invoke rule 25.2(b)(3).

Rule 25.2(b)(3) does not limit the right to appeal whenever there is a bargained guilty plea, but only when "the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant." In this cause, the parties did not agree to a specific punishment recommendation or even to a punishment "cap" below which the court could exercise its discretion in assessing punishment. *See Delatorre v. State*, 957 S.W.2d 145, 148-49 (Tex. App.—Austin 1997, pet. ref'd). Even if the State's agreement to abandon the enhancement paragraphs is construed as a punishment recommendation, the agreement was relevant only to appellant's *minimum* punishment while rule 25.2(b)(3) clearly contemplates an agreement limiting the defendant's *maximum* punishment. Had the State proved the enhancement allegations, the minimum punishment for this offense would have increased from five to twenty-five years in prison but the

2

maximum possible punishment would have remained the same. *Compare* Tex. Pen. Code Ann. § 12.32(a) (West 1994) *with id*. § 12.42(d) (West Supp. 2001). Because there was no agreed punishment recommendation within the meaning of rule 25.2(b)(3), appellant's general notice of appeal was sufficient to invoke our jurisdiction.

***Withdrawal of guilty plea***

A defendant may withdraw his guilty plea as a matter of right before judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). After judgment or if the case is under advisement, withdrawal of the guilty plea is within the sound discretion of the court. *Id*. In this cause, appellant entered his guilty plea on February 26, 2001. The court accepted the plea, ordered a presentence report, and reset the cause for a punishment hearing. That hearing was held on April 30. During the State's closing argument, appellant asked to withdraw his plea. Under the circumstances, the withdrawal of appellant's plea was discretionary with the court. *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981).

Appellant claimed that he pleaded guilty with the understanding that he was accused of merely possessing cocaine, rather than possessing it with intent to deliver. The reporter's record from the February 26 proceeding contradicts this assertion. Before appellant pleaded guilty, the court told him that he was accused of possessing cocaine with intent to deliver and advised him of the correct range of punishment. Appellant stated that he understood. Given this record, the district court did not abuse its discretion by refusing appellant's request to withdraw his guilty plea.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:  November 15, 2001

Publish