# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00472-CR

**Jefferson Carter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 51,957, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Jefferson Carter pleaded guilty to aggravated sexual assault of a child. The district court adjudged him guilty and assessed punishment at imprisonment for twenty-six years. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). Appellant contends the court reversibly erred by failing to admonish him before accepting his plea that he would be required to register as a sex offender. Although we agree that the court erred, we conclude that the error was harmless and therefore will affirm the conviction.

## *Jurisdiction*

The State asserts that appellant's general notice of appeal was not sufficient to invoke this Court's jurisdiction. *See* Tex. R. App. P. 25.2(b)(3). Under rule 25.2(b)(3), there is a limited right to appeal when a defendant is convicted on his plea of guilty and "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." *Id.* If the notice of appeal in such a case does not state that the appeal falls within one of three permitted

categories, it does not invoke the appellate court's jurisdiction. *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet.); *see Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (rule 25.2(b)(3) limits appeal in every plea bargain, felony case).

There was a plea bargain in this case. In exchange for appellant's guilty plea, the State promised "not to indict with enhancement paragraphs." The State asserts that had it alleged and proved one or more previous felony convictions, appellant would have been subject to an automatic life sentence under the terms of Texas Penal Code section 12.42(c)(2). The State urges that the plea agreement therefore "capped" the punishment to which appellant was subject. *See Delatorre v. State*, 957 S.W.2d 145, 148-49 (Tex. App.—Austin 1997, pet. ref'd) (rule 25.2(b)(3) applies when plea agreement sets maximum punishment below which court may exercise discretion in setting punishment).

The State's argument fails in two respects. First, a defendant convicted of aggravated sexual assault is subject to an automatic life sentence only if he has a previous conviction for one of a few specified sex-related offenses. Tex. Pen. Code Ann. § 12.42(c)(2) (West Supp. 2002). The only evidence regarding appellant's criminal record is his own testimony, in which he admitted prior convictions for involuntary manslaughter and theft of a motor vehicle. Neither of these convictions warranted an automatic life sentence in this cause. *See id.* § 12.42(c)(2)(B). Second, even if appellant had been subject to the terms of section 12.42(c)(2), the State's agreement would have affected only the minimum punishment to which he was subject; the maximum would have been life in any case. *See Taplin v. State*, No. 03-01-00306-CR, slip op. at 2-3, 2001 Tex. App. LEXIS 7625, at *3 (Tex. App.—Austin Nov. 15, 2001, no pet.) (agreement to abandon enhancement allegations in first degree felony prosecution did not fall within terms of rule 25.2(b)(3)). Because there was no

2

agreed punishment recommendation within the meaning of rule 25.2(b)(3), appellant's general notice of appeal was sufficient to invoke our jurisdiction.

***Admonishment***

Before accepting appellant's guilty plea, the district court failed to admonish him that he would be required to meet the requirements of the sex offender registration program. Tex. Code Crim. Proc. Ann. art. 26.13(a)(5) (West Supp. 2002); *see id*. arts. 62.01-.13 (Texas Sex Offender Registration Program). The court's failure to substantially comply with article 26.13(a)(5) was nonconstitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Shankle v. State*, 59 S.W.3d 756, 761 (Tex. App.—Austin 2001, pet. granted). Under rule 44.2(b), an error that does not affect substantial rights must be disregarded. If a trial court fails to substantially comply with an article 26.13 admonishment requirement, a substantial right is affected if the conviction based on the guilty plea results in harm to the defendant directly related to the subject of the omitted admonishment. *Id.*

In *Shankle*, this Court reversed a conviction for aggravated sexual assault because the trial court failed to admonish the defendant regarding the sex offender registration requirement. *Id.* at 762. In that case, however, there was no evidence that the defendant was otherwise informed or aware of the registration requirements. In the present cause, on the other hand, appellant was questioned by his attorney about the possible conditions of deferred adjudication community supervision, including sex offender registration:

Q. Have we been over all the terms and conditions in the presentence report?

A. Yes, sir.

3

Q. And you've also been over those with the probation department?

A. Yes, sir.

Q. Do you understand all those terms and conditions?

A. Yes, sir.

Q. Let me ask you, in particular, have we been over the sex offender registration requirements?

A. Yes, sir.

Q. You understand how tough those are?

A. Yes, sir.

Q. That you would be required to put a sign on your property that says you're a sex offender, child molester.

A. Yes, sir.

Q. That would be hard to do. Can you do that?

A. Yes, sir.

Q. Also, if you got a job, you would have to tell your employer what you were charged with?

A. Yes, sir.

Q. All right. Do you understand you would have limitation on your contact with people that are underage? You couldn't visit your stepchildren, people like that?

A. Yes, sir.

The supervision plan contained in appellant's presentence report is in the record. The plan refers to the sex offender registration act and contains notice and reporting requirements similar to those prescribed by the act.

4

The record demonstrates that appellant discussed the sex offender registration requirements with his attorney and understood them. Appellant argues that this discussion was not shown to be an adequate substitute for the required statutory admonishment because "not one of the specific effects of sex offender registration . . . was directly mentioned on the record." On its face, however, article 26.13(a)(5) provides only that a defendant must be informed that he "will be required to meet the registration requirements of Chapter 62." Tex. Code Crim. Proc. Ann. art. 26.13(a)(5). The statute does not require that a defendant be admonished regarding the specific details or effects of registration. In any case, the supervision plan prepared for appellant specified when, where, and how often appellant would be required to register.

We conclude that appellant is shown by the record to have had sufficient information regarding sex offender registration to make an informed decision whether to plead guilty. As a consequence, the district court's failure to substantially comply with article 26.13(a)(5) did not affect appellant's substantial rights. The point of error is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: February 28, 2002

Publish