TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00472-CR






Jefferson Carter, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 51,957, HONORABLE JOE CARROLL, JUDGE PRESIDING






 Appellant Jefferson Carter pleaded guilty to aggravated sexual assault of a child. The
district court adjudged him guilty and assessed punishment at imprisonment for twenty-six years. 
See Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). Appellant contends the court reversibly erred
by failing to admonish him before accepting his plea that he would be required to register as a sex
offender. Although we agree that the court erred, we conclude that the error was harmless and
therefore will affirm the conviction.


Jurisdiction

 The State asserts that appellant's general notice of appeal was not sufficient to invoke
this Court's jurisdiction. See Tex. R. App. P. 25.2(b)(3). Under rule 25.2(b)(3), there is a limited
right to appeal when a defendant is convicted on his plea of guilty and "the punishment assessed did
not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Id. If
the notice of appeal in such a case does not state that the appeal falls within one of three permitted
categories, it does not invoke the appellate court's jurisdiction. Whitt v. State, 45 S.W.3d 274, 275
(Tex. App.--Austin 2001, no pet.); see Cooper v. State, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001)
(rule 25.2(b)(3) limits appeal in every plea bargain, felony case).

 There was a plea bargain in this case. In exchange for appellant's guilty plea, the
State promised "not to indict with enhancement paragraphs." The State asserts that had it alleged
and proved one or more previous felony convictions, appellant would have been subject to an
automatic life sentence under the terms of Texas Penal Code section 12.42(c)(2). The State urges
that the plea agreement therefore "capped" the punishment to which appellant was subject. See
Delatorre v. State, 957 S.W.2d 145, 148-49 (Tex. App.--Austin 1997, pet. ref'd) (rule 25.2(b)(3)
applies when plea agreement sets maximum punishment below which court may exercise discretion
in setting punishment).

 The State's argument fails in two respects. First, a defendant convicted of aggravated
sexual assault is subject to an automatic life sentence only if he has a previous conviction for one
of a few specified sex-related offenses. Tex. Pen. Code Ann. § 12.42(c)(2) (West Supp. 2002). The
only evidence regarding appellant's criminal record is his own testimony, in which he admitted prior
convictions for involuntary manslaughter and theft of a motor vehicle. Neither of these convictions
warranted an automatic life sentence in this cause. See id. § 12.42(c)(2)(B). Second, even if
appellant had been subject to the terms of section 12.42(c)(2), the State's agreement would have
affected only the minimum punishment to which he was subject; the maximum would have been life
in any case. See Taplin v. State, No. 03-01-00306-CR, slip op. at 2-3, 2001 Tex. App. LEXIS 7625,
at *3 (Tex. App.--Austin Nov. 15, 2001, no pet.) (agreement to abandon enhancement allegations
in first degree felony prosecution did not fall within terms of rule 25.2(b)(3)). Because there was
no agreed punishment recommendation within the meaning of rule 25.2(b)(3), appellant's general
notice of appeal was sufficient to invoke our jurisdiction.


Admonishment

 Before accepting appellant's guilty plea, the district court failed to admonish him that
he would be required to meet the requirements of the sex offender registration program. Tex. Code
Crim. Proc. Ann. art. 26.13(a)(5) (West Supp. 2002); see id. arts. 62.01-.13 (Texas Sex Offender
Registration Program). The court's failure to substantially comply with article 26.13(a)(5) was
nonconstitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). 
Shankle v. State, 59 S.W.3d 756, 761 (Tex. App.--Austin 2001, pet. granted). Under rule 44.2(b),
an error that does not affect substantial rights must be disregarded. If a trial court fails to
substantially comply with an article 26.13 admonishment requirement, a substantial right is affected
if the conviction based on the guilty plea results in harm to the defendant directly related to the
subject of the omitted admonishment. Id.

 In Shankle, this Court reversed a conviction for aggravated sexual assault because the
trial court failed to admonish the defendant regarding the sex offender registration requirement. Id.
at 762. In that case, however, there was no evidence that the defendant was otherwise informed or
aware of the registration requirements. In the present cause, on the other hand, appellant was
questioned by his attorney about the possible conditions of deferred adjudication community
supervision, including sex offender registration:


Q. Have we been over all the terms and conditions in the presentence report?


A. Yes, sir.


Q. And you've also been over those with the probation department?


A. Yes, sir.


Q. Do you understand all those terms and conditions?


A. Yes, sir.



 Let me ask you, in particular, have we been over the sex offender registration
requirements?



A. Yes, sir.


Q. You understand how tough those are?


A. Yes, sir.


Q. That you would be required to put a sign on your property that says you're a sex
offender, child molester.


A. Yes, sir.


Q. That would be hard to do. Can you do that?


A. Yes, sir.


Q. Also, if you got a job, you would have to tell your employer what you were
charged with?


A. Yes, sir.


Q. All right. Do you understand you would have limitation on your contact with
people that are underage? You couldn't visit your stepchildren, people like that?


A. Yes, sir.



 The supervision plan contained in appellant's presentence report is in the record. The
plan refers to the sex offender registration act and contains notice and reporting requirements similar
to those prescribed by the act. 

 The record demonstrates that appellant discussed the sex offender registration
requirements with his attorney and understood them. Appellant argues that this discussion was not
shown to be an adequate substitute for the required statutory admonishment because "not one of the
specific effects of sex offender registration . . . was directly mentioned on the record." On its face,
however, article 26.13(a)(5) provides only that a defendant must be informed that he "will be
required to meet the registration requirements of Chapter 62." Tex. Code Crim. Proc. Ann. art.
26.13(a)(5). The statute does not require that a defendant be admonished regarding the specific
details or effects of registration. In any case, the supervision plan prepared for appellant specified
when, where, and how often appellant would be required to register.

 We conclude that appellant is shown by the record to have had sufficient information
regarding sex offender registration to make an informed decision whether to plead guilty. As a
consequence, the district court's failure to substantially comply with article 26.13(a)(5) did not affect
appellant's substantial rights. The point of error is overruled.

 The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: February 28, 2002

Publish