In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00071-CR


______________________________




CHARLES CLAUDE CARLTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 248th Judicial District Court


Dallas County, Texas


Trial Court No. 868139




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Charles Claude Carlton appeals his convictions for aggravated robbery (No. 06-02-00071-CR), robbery (No. 06-02-00072-CR), and aggravated robbery (No. 06-02-00073-CR). The trial court
sentenced him to thirty-five years' imprisonment in each case, all sentences to be served
concurrently. The record reflects Carlton pled guilty as part of a plea agreement to cap Carlton's
punishment at forty years, which the trial court accepted. As part of the agreement, Carlton waived
his right to appeal. 

 In his pro se notice of appeal, Carlton says his trial attorney coerced him into pleading guilty. 
Carlton's notice of appeal does not state the purpose of his appeal is to challenge a jurisdictional
defect or to contest a ruling on a pretrial motion, or that he has the trial court's permission to appeal. 
See Tex. R. App. P. 25.2(b)(3). 

 In his brief to this Court, Carlton raises the singular issue of ineffective assistance of counsel. 
He does not attack the voluntariness of his plea or his waiver of appeal. The State asserts this Court
lacks jurisdiction because Carlton waived his right to appeal as part of the plea agreement and did
not receive permission of the trial court to appeal. 

 Before we may consider the State's challenge to our jurisdiction, we must first determine
whether a plea agreement existed in the court below. Usually, a formal plea agreement is filed with
the trial court. That was not done in this case. Instead, the record reflects both sides agreed to the
State's proposed cap on punishment. The question then becomes whether an agreed cap on
punishment amounts to a plea agreement for purposes of Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 1979) and Tex. R. Civ. P. 25.2(b)(3).

 In Ditto v. State, 988 S.W.2d 236, 238-39 (Tex. Crim. App. 1999), the Texas Court of
Criminal Appeals found a plea agreement existed when the state and the defendant agreed to a
recommended cap on punishment. Other courts of appeals have also held that, when the parties
bargain for a recommended punishment maximum, a plea agreement exists for purposes of limiting
the appellate court's jurisdiction under Rule 25.2(b)(3). See Lemoins v. State, 37 S.W.3d 556, 557-59
(Tex. App.-Beaumont 2001, no pet.); Herrera v. State, 12 S.W.3d 607 (Tex. App.-San Antonio
2000, no pet.); Delatorre v. State, 957 S.W.2d 145 (Tex. App.-Austin 1997, pet. ref'd).

 In contrast, where there is no agreed limitation on punishment, but other agreed terms of the
plea agreement are present, what might otherwise be a plea agreement will not limit the appellate
court's jurisdiction pursuant to Rule 25.2(b)(3). See Berry v. State, 66 S.W.3d 402, 403 (Tex.
App.-Austin 2001, no pet.) (citing Jack v. State, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994);
Eaglin v. State, 843 S.W.2d 153, 154 (Tex. App.-Houston [14th Dist.] 1992, pet. ref'd)); Shankle
v. State, 59 S.W.3d 756, 759 (Tex. App.-Austin 2001, pet. granted).

 In this case, the agreed cap on punishment limits our jurisdiction under Rule 25.2(b)(3). We
now turn to the State's contention that we lack jurisdiction to decide the merits of Carlton's claim.

 We recently addressed this situation in Lenox v. State, 56 S.W.3d 660 (Tex. App.-Texarkana
2001, pet. ref'd). In that opinion, we reviewed the background of Tex. R. App. P. 25.2 and Tex.
Code Crim. Proc. Ann. art. 44.02, the rule and statute that restrict the availability of appeal in
situations involving a plea agreement.

 An appellant invokes the jurisdiction of this Court by filing a written notice of appeal. 
Lemmons v. State, 818 S.W.2d 58, 60 (Tex. Crim. App. 1991) (citing Carter v. State, 656 S.W.2d
468, 469 (Tex. Crim. App. 1983)). But as the Texas Court of Criminal Appeals acknowledged in
Davis v. State, 870 S.W.2d 43, 46 (Tex. Crim. App. 1994), and Jones v. State, 796 S.W.2d 183,
186-87 (Tex. Crim. App. 1990), the extent of our jurisdiction can be limited by legislation. Article
44.02 represents such a limitation in a plea-bargained appeal. Lenox, 56 S.W.3d at 664.

 We are also without jurisdiction to consider the voluntariness of Carlton's plea. In Cooper
v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001), the Texas Court of Criminal Appeals construed Rule
25.2(b)(3) as being in harmony with the proviso portion of Article 44.02. The court held that both
Article 44.02 and Rule 25.2(b)(3) restricted a defendant from appealing the voluntariness of his or
her plea without the trial court's permission. Id. at 79. The record does not show that Carlton has
the trial court's permission to appeal the voluntariness of his plea. Consequently, we are without
jurisdiction to consider whether his guilty plea was coerced or whether his trial attorney provided
ineffective assistance. (1) Even if we were to find the notice of appeal adequate to confer jurisdiction, 
Carlton's preplea waiver of appeal would nonetheless deprive us of the right to consider Carlton's
claims. See Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000).

 The appeal is dismissed for want of jurisdiction.


 

 Josh R. Morriss, III

 Chief Justice



Date Submitted: October 9, 2002

Date Decided: October 10, 2002


Publish
1. A plea agreement by its nature incorporates a voluntary and understanding plea of guilty,
and thus its process can only be triggered when the plea agreement and guilty plea are voluntarily
and understandably made; however, in Cooper v. State, the Texas Court of Criminal Appeals
determined that an involuntary plea may be raised by a motion for new trial and habeas corpus, but
not on appeal. 45 S.W.3d 77 (Tex. Crim. App. 2001). We are bound to follow this ruling.



span>
            A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law." Walker, 827 S.W.2d at 839. A
clear failure by the trial court to apply the law correctly is an abuse of discretion. Id. at 840. 
"Arbitration is a creature of contract and a clause requiring arbitration will be interpreted under
contract principles." Belmont Constructors, Inc. v. Lyondell Petrochemical Co., 896 S.W.2d 352,
357 (Tex. App.—Houston [1st Dist.] 1995, no writ). The contract in this case provided in pertinent
part as follows:
6.1 Arbitration. All claims or disputes between Contractor [Farmpro] and
Owner [Dalton] arising out of or relating to the Contract Documents, or the breach
thereof, shall be decided by arbitration in accordance with the Construction Industry
Arbitration Rules of the American Arbitration Association currently in effect unless
the parties mutually agree otherwise in writing. 

Paragraph 6.2 of the contract provides that "[u]nless otherwise mutually agreed by the parties, the
place of the arbitration proceedings shall be in the [C]ity of Amarillo, Texas." The plain language
of a contract governs, unless such a reading would defeat the intention of the parties. Lyons v.
Montgomery, 701 S.W.2d 641, 643 (Tex. 1985). Thus, the contract provides that arbitration shall
occur in Amarillo, Texas, unless otherwise agreed. 
            Further, if the Daltons wish to contest the location of arbitration, the contest must be
submitted to the American Arbitration Association (AAA). Clint R. Latham, attorney for Farmpro,
states in his affidavit in support of Farmpro's petition for writ of mandamaus that R-11 of
Construction Industry Arbitration Rules of the AAA contains the following provision: 
The parties may mutually agree on the locale where the arbitration is to be held. If
any party requests that the hearing be held in a specific locale and the other party files
no objection thereto within fifteen calender days after notice of the request has been
sent to it by the AAA, the locale shall be the one requested. If a party objects to the
locale requested by the other party, the AAA shall have the power to determine the
locale, and its decision shall be final and binding.

When a contract provided that the rules of the AAA should govern the arbitration, the Tyler Court
of Appeals has held that a trial court clearly abused its discretion by appointing an arbitrator, rather
than following the selection process set forth in the AAA rules. In re Nat'l Health Ins. Co., 109
S.W.3d 552, 556 (Tex. App.—Tyler 2002, orig. proceeding). Once the parties specify which rules
govern the arbitration, they are bound by those rules unless grounds for revocation of the contract
in law or in equity arise. See id.; cf. D. Wilson Constr. Co. v. McAllen Indep. Sch. Dist., 848 S.W.2d
226, 228 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.). The trial court has no discretion to
modify or contravene the specified rules. See In re Nat'l Health Ins. Co., 109 S.W.3d at 556. Absent
a finding that the contract is unenforceable, the trial court had no discretion to require arbitration at
a location different than that specified in the contract or to decide a contest over the location of
arbitration. Because the contract provides that the rules of the AAA govern the arbitration, any
contest over the location must be submitted to the AAA.
            For all the reasons stated above, the petition for writ of mandamus is conditionally granted. 
The portion of the trial court's order requiring arbitration to be held in Dallas County constitutes a
clear abuse of discretion. Further, the parties have no adequate remedy by appeal.


 We direct the
trial court to strike the portion of its order requiring arbitration to be held in Dallas County. The writ
will issue only if the trial court fails to take appropriate action in accordance with this opinion. 
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          November 7, 2005
Date Decided:             November 8, 2005