TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00405-CR






Michael Dale Fry, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 932618, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




Appellant Michael Dale Fry pleaded guilty to aggravated sexual assault of a child and
was placed on deferred adjudication community supervision. See Tex. Pen. Code Ann. § 22.021
(West Supp. 2003). The district court later revoked supervision on the State's motion, adjudged
appellant guilty, and sentenced him to twenty years in prison. Appellant contends he is entitled to
a new trial because a portion of the record cannot be found and because he was not properly
admonished. We overrule these contentions and affirm.

The reporter's record from the July 2, 1999, guilty plea proceeding has been lost. 
Appellant timely requested the record and is without fault in its disappearance, and the parties cannot
agree on a complete record. See Tex. R. App. P. 34.6(f) (circumstances entitling appellant to new
trial due to lost record). Thus, he is entitled to a new trial if the lost record is necessary to the
resolution of this appeal. Id. Appellant urges that it is, because it would confirm his contention that
he was not admonished by the court or his attorney that he would be required to register as a sex
offender. Tex. Code Crim. Proc. Ann. art. 26.13(a)(5), (h) (West Supp. 2003) (required
admonishments); see Shankle v. State, 59 S.W.3d 756, 760-62 (Tex. App.--Austin 2001, pet.
granted).

The statutory requirement that defendants be admonished regarding sex offender
registration did not go into effect until September 1, 1999, after appellant pleaded guilty. See Act
of May 5, 1999, 76th Leg., R.S., ch. 1515, § 1, 1999 Tex. Gen. Laws 4831-32. Further, a defendant
placed on deferred adjudication supervision must raise errors relating to the original plea proceeding
in an appeal taken when supervision is first imposed, rather than raising them for the first time in an
appeal following adjudication and sentencing. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999); see Nix v. State, 65 S.W.3d 664, 667-70 (Tex. Crim. App. 2001) (exceptions to
Manuel). For these reasons, appellant's only substantive point of error--the failure to give the sex
offender admonishments--must fail. Because this point of error can be resolved without the
reporter's record from the plea proceeding, the record is not essential to the appeal and its loss does
not entitle appellant to a new trial.

We overrule the points of error and affirm the judgment of conviction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: February 13, 2003

Do Not Publish