# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-01-00405-CR

**Michael Dale Fry, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 932618, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Michael Dale Fry pleaded guilty to aggravated sexual assault of a child and was placed on deferred adjudication community supervision. *See* Tex. Pen. Code Ann. ' 22.021 (West Supp. 2003). The district court later revoked supervision on the State=s motion, adjudged appellant guilty, and sentenced him to twenty years in prison. Appellant contends he is entitled to a new trial because a portion of the record cannot be found and because he was not properly admonished. We overrule these contentions and affirm.

The reporter=s record from the July 2, 1999, guilty plea proceeding has been lost. Appellant timely requested the record and is without fault in its disappearance, and the parties cannot agree on a complete record. *See* Tex. R. App. P. 34.6(f) (circumstances entitling appellant to new trial due to lost record). Thus, he is entitled to a new trial if the lost record is necessary to the resolution of this appeal. *Id*. Appellant urges that it is, because it would confirm his contention that he was not admonished by the court or his attorney that he would be required to register as a sex offender. Tex. Code Crim. Proc. Ann. art.

26.13(a)(5), (h) (West Supp. 2003) (required admonishments); *see Shankle v. State*, 59 S.W.3d 756, 760-62 (Tex. App.CAustin 2001, pet. granted).

The statutory requirement that defendants be admonished regarding sex offender registration did not go into effect until September 1, 1999, after appellant pleaded guilty.  *See* Act of May 5, 1999, 76th Leg., R.S., ch. 1515, ' 1, 1999 Tex. Gen. Laws 4831-32.  Further, a defendant placed on deferred adjudication supervision must raise errors relating to the original plea proceeding in an appeal taken when supervision is first imposed, rather than raising them for the first time in an appeal following adjudication and sentencing.  *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see Nix v. State*, 65 S.W.3d 664, 667-70 (Tex. Crim. App. 2001) (exceptions to *Manuel*).  For these reasons, appellant=s only substantive point of errorCthe failure to give the sex offender admonishmentsCmust fail.  Because this point of error can be resolved without the reporter=s record from the plea proceeding, the record is not essential to the appeal and its loss does not entitle appellant to a new trial.

We overrule the points of error and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:  February 13, 2003

Do Not Publish