Affirmed and Opinion filed March 27, 2003









Affirmed and Opinion filed March 27, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00420-CR

____________

 

ARMANDO RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 344th District Court

Chambers County, Texas

Trial
Court Cause No. 11725

 



 

O
P I N I O N








Appellant
entered a plea of guilty to the offense of sexual assault of a child.  He was convicted and sentenced to six years in
the Institutional Division of the Texas Department of Criminal Justice.[1]  In three issues, appellant contends (1) the
trial court erred in failing to properly admonish him under article 26.13 of
the Texas Code of Criminal Procedure, (2) his plea was involuntary because the
trial court failed to properly admonish him, and (3) the trial court abused its
discretion in considering evidence of extraneous acts at the sentencing
hearing.  We affirm.

Failure
to Admonish

In
his first two issues, appellant contends the trial court erred in failing to
admonish him that he would have to register as a sex offender as a result of
his guilty plea and that the trial court=s failure to do so rendered his plea unknowing and
involuntary.  See Tex. Code Crim. Proc. art.
26.13(a)(5).  Appellant further complains
of the trial court=s failure to inquire whether his attorney had informed him that
he would have to register as a sex offender.  See Tex.
Code Crim. Proc. art. 26.13(h).  Prior to accepting appellant=s
plea, the trial court admonished appellant regarding the range of punishment
for the offense and the deportation consequences of a guilty plea, but failed
to admonish him regarding the sex offender registration requirement.

Pursuant
to article 26.13(a) of the Code of Criminal Procedure, before accepting a
guilty plea, the trial court must admonish the defendant, orally or in writing,
of the range of punishment, the possibility of deporation,
and that the defendant will be required to register as a sex offender, if
applicable.  The trial court erred in
failing to admonish appellant that he would be required to register as a sex
offender.  The admonishments under
article 26.13(a) are not constitutionally required because their purpose is to
assist the trial court in making the determination that a guilty plea is
knowingly and voluntarily entered. Aguirre-Mata v. State, 992 S.W.2d
495, 498-99 (Tex. Crim. App.
1999).  Thus, a trial court commits nonconstitutional error when it fails to admonish a
defendant on one of the statutorily required admonishments. Carranza
v. State, 980 S.W.2d 653, 655-56 (Tex. Crim. App.
1998).








We
disregard nonconstitutional error unless it affects a
substantial right of the appellant. Tex.
R. App. P. 44.2(b).  A substantial
right is affected if appellant was unaware of the consequences of his plea and
was misled or harmed by the admonishment of the trial court. Id. at
658.  We assess the harm to appellant, if
any, after reviewing the entire record. Johnson v. State, 43 S.W.3d
1, 5 (Tex. Crim. App. 2001).

Appellant
cites Shankle v. State, 59 S.W.3d
756 (Tex. App.CAustin
2001, pet. granted), in support of his proposition that the trial court=s
failure to admonish him is reversible error. 
In Shankle, the court of appeals
reversed a conviction for aggravated sexual assault because the trial court
failed to admonish the defendant that he would be required to register as a sex
offender.  Id. at 762.  In that case, unlike this case, there was no
evidence that the defendant was otherwise informed or aware of the registration
requirements. Here, appellant=s trial counsel testified he informed appellant, prior to his
plea, that he would have to register as a sex offender.  He further informed appellant that he would
not be allowed to visit the school where his wife worked because he would be a
registered sex offender.  Trial counsel=s
office manager also testified that she overheard trial counsel tell appellant
that he would have to register as a sex offender.  When appellant testified at the motion for
new trial hearing, he equivocated as to whether trial counsel had informed him
he would be required to register as a sex offender.  Appellant alternately testified that he did
not remember being informed of sex offender registration, or that he was not
informed of sex offender registration.

The
record demonstrates that appellant was informed prior to his plea that he would
be required to register as a sex offender. 
Although appellant testified to the contrary, we defer to the trial
court=s
judgment of the credibility of the witnesses.  See Kober v. State,
988 S.W.2d 230, 233 (Tex. Crim. App.
1999).  The record shows that appellant
had sufficient information regarding sex offender registration to make an
informed decision whether to plead guilty. 
As a consequence, the trial court=s failure to substantially comply with article 26.13 did not
affect appellant=s substantial rights.  See
Carter v. State, 82 S.W.3d 392, 395 (Tex. App.CAustin 2002, no
pet.). Appellant=s first issue is overruled.








In
his second issue, appellant contends the trial court=s
failure to properly admonish him rendered his plea unknowing and
involuntary.  Generally, if a defendant
is fully advised of the direct consequences of his plea, his ignorance of a
collateral consequence does not render the plea involuntary.  State v. Jimenez, 987 S.W.2d
886, 888-89 (Tex. Crim. App.
1999).  Although the requirement to
register as a sex offender is now a required admonishment under article
26.13(a)(5), it does not impact a defendant=s sentence and is meant to be remedial, rather than punitive. Rodriguez
v. State, 93 S.W.3d 60, 79 (Tex.
Crim. App.
2002).  Therefore, sex offender
registration is a collateral consequence of appellant=s
guilty plea and the trial court=s failure to admonish him regarding the registration
requirement did not render his plea involuntary.  See Ducker v. State, 45 S.W.3d
60, 79 (Tex. App.CDallas
2001, no pet.).  Further, the record
reflects that appellant had sufficient information regarding sex offender
registration to make a knowing and voluntary decision to plead guilty.  Appellant=s second issue is overruled.

Extraneous
Offense

In
his third issue, appellant contends the trial court erred in considering
extraneous offense evidence contained in the presentence
investigation report without finding such evidence was proved beyond a
reasonable doubt.  Prior to sentencing,
the trial judge ordered the probation department to prepare a presentence investigation report.  Contained in that report is an allegation
that appellant sexually assaulted Victoria Pitre, an
adult.  During the sentencing hearing,
James Pitre, Victoria=s father, testified that Victoria is twenty-nine years old, but
due to a childhood head injury, functions at the level of an eleven or
twelve-year-old. James Pitre alleged that appellant
attempted to have sexual intercourse with Victoria, but her mental incompetency prevented her from giving consent.  The Jefferson County District Attorney=s
office refused to prosecute the case because Victoria was competent and gave
consent through her silence.  In the presentence investigation report, appellant stated he did
not penetrate Victoria, but that he pulled his pants down while she was sitting
in his lap and he rubbed against her body.








During
the hearing on the motion for new trial, appellant admitted that he told the
probation officer that he pulled his pants down while Victoria was sitting on
his lap, and that he rubbed against her body. 
At the conclusion of the hearing, the trial judge, with regard to the allegations
of Victoria Pitre, stated, ASo,
I considered it to be a bad act, and I found it was, as far as a bad act,
proven beyond a reasonable doubt and I did take it in consideration.@

Presentence
investigation reports generally contain hearsay, but still may  be used by the sentencing judge.  Fryer v. State, 68 S.W.3d
628, 631 (Tex. Crim. App.
2002).  The fact that extraneous offenses
or bad acts are presented to the judge in the form of hearsay does not preclude
their consideration by the trial court. Williams v. State, 958 S.W.2d
844, 845 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d).

The
Texas Legislature has authorized receipt of extraneous offense evidence at the
punishment phase of trial only if Athe court deems [it] relevant to sentencing@
and it Ais
shown beyond reasonable doubt by evidence to have been committed by the
defendant@ Tex. Code Crim. Proc.
art. 37.07 ' 3(a).  When a jury
determines punishment, the trial court determines the threshold issue of
admissibility of relevant evidence during the punishment phase, but the jury,
as the finder of fact, determines whether the extraneous offenses were proved
beyond a reasonable doubt. Mitchell v. State, 931 S.W.2d
950, 954 (Tex. Crim. App.
1996).  When the trial court assesses
punishment, the judge acts as fact-finder. 
Therefore, when the court assesses punishment, it may determine that an
extraneous offense is relevant to punishment and admit such evidence, but the
court may only consider the extraneous offense in assessing punishment if it
finds the offense was
proved beyond a reasonable doubt. Williams, 958 S.W.2d at 845.  Once the fact-finder is
satisfied beyond a reasonable doubt that such offenses or acts are attributable
to the defendant, the fact-finder may use the extraneous offense or bad acts
evidence however it chooses in assessing punishment.  Huizar v.
State, 12 S.W.3d 479, 483-84 (Tex. Crim. App.
2000). 








The
record in this case reflects appellant admitted the extraneous bad act and the
trial judge found the bad act was proved beyond a reasonable doubt.[2]  Therefore, the trial court did not abuse its
discretion in considering the evidence concerning Victoria Pitre
at the punishment phase.  Appellant=s
third issue is overruled.

The
judgment of the trial court is affirmed.

 

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed March
27, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant met
the requirements of Rule 25.2 of the Texas Rules of Appellate Procedure by
stating in his notice of appeal that the trial court gave him permission to
appeal.





[2]  Although the
trial judge in this case made an express finding that the bad act was proved
beyond a reasonable doubt, such an explicit finding is not required.  See Williams, 958 S.W.2d at 845.  (Extraneous offenses admissible where the
record showed no indication that the trial court considered the offenses
without determining whether they had been proved beyond a reasonable doubt.).