# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00654-CR

**Ray Espinoza, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 53,735, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ray Espinoza, Sr. waived a jury trial and entered a plea of guilty to the third degree felony offense of driving while intoxicated. After finding that appellant had previously been convicted of three felonies, the court assessed punishment at twelve years in prison. Appellant contends that the district court abused its discretion by denying his request to withdraw his guilty plea. We will affirm the judgment of conviction.

On September 10, 2002, appellant appeared before the district court and stated that he wanted to enter a plea of "guilty." Appellant's plea was an open plea as the State did not offer appellant a plea bargain. The district court admonished appellant, admitted appellant's judicial confession as evidence, accepted appellant's guilty plea, requested a presentence investigation report, and reset the case for a punishment hearing. On October 16, the court commenced the punishment

hearing at which appellant requested that he be permitted to withdraw his guilty plea. Appellant claimed that he was not in his right mind when he pleaded guilty. Appellant told the court that he tested positive for cocaine in his first urinalysis while out on bond because without knowing it, he had ingested drugs while in jail. The district court denied his request and sentenced appellant.

A defendant may withdraw his guilty plea as a matter of right before judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Taplin v. State*, 78 S.W.3d 459, 461 (Tex. App.—Austin 2001, no pet.). After judgment, or if the case is under advisement, withdrawal of the guilty plea is within the sound discretion of the trial court. *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981) (no abuse of discretion when court denied request made two months after case under advisement); *Jackson*, 590 S.W.2d at 515 (no abuse of discretion when court denied request made six weeks after case under advisement); *Taplin*, 78 S.W.3d at 461 (no abuse of discretion when court denied request made just over one month after case under advisement).

The record from the guilt phase of the proceeding reflects that the court thoroughly admonished appellant about pleading guilty, appellant answered the court's questions appropriately, and his counsel concurred that appellant understood the consequences of his plea. Although appellant requested withdrawal of his plea before the court pronounced guilt, he made the request five weeks after the district court took the matter under advisement. Further, the record from the hearing contradicts appellant's contention that he did not know what he was doing when he pleaded guilty.

2

We hold that appellant's request to withdraw his guilty plea was late, and that appellant has failed to show that the district court abused its discretion by denying his request to withdraw his plea. Appellant's contention is overruled. The district court's judgment is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: June 26, 2003

Do Not Publish

3