Ruben Omar CASTANEDA, Appellant

v.

The STATE of Texas, Appellees.

No. 14–04–01172–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 6, 2006.

R.E. Wheelan, Houston, for appellant.

Shirley Cornelius, Dist. Atty., Houston, for The State of Texas.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appellant Ruben Omar Castaneda appeals his conviction of aggravated sexual assault. In a single issue, he asserts that his plea was involuntary because the trial court failed to admonish him of the sex offender registration requirements of Article 26.13(a)(5) of the Texas Code of Criminal Procedure. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 23, 2004, appellant and his brother, Mario Castaneda, abducted the complainant, E.V. They eventually brought her to a remote field and raped her. The complainant later viewed a photo array and identified appellant as one of her assailants. Appellant was charged with aggravated sexual assault and entered a guilty plea. Written admonishments, signed by appellant, were filed in the trial court. After a pre-sentence investigation, the trial court conducted a hearing on punishment, and sentenced appellant to thirty years' confinement in the Texas Department of Criminal Justice.

## II. ANALYSIS

Appellant claims that his guilty plea was involuntary because the trial court failed to admonish him about the sex offender registration requirements under article 26.13(a)(5). Appellant bases his contention on the absence of this specific admonish-

ment in the trial court's written admonishments, or anywhere else in the record.

Article 26.13(a)(5) provides that, prior to accepting a plea of guilty or a plea of nolo contendere in applicable cases, the trial court shall admonish the defendant about the requirements of Chapter 62 that will come into play if the defendant is convicted or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter. See TEX. CODE CRIM. PRO. ANN. art. 26.13(a)(5). Article 26.13(c) provides that in admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonitions of the court." Id. at art. 26.13(c). The court may give the admonishments orally or in writing. Id. at art. 26.13(d).

In arraigning appellant, the trial court did not include an admonishment about the sex offender registration requirements among its written admonishments.[1] Because appellant waived a record of his plea hearing, it is impossible to determine from the appellate record whether the trial court orally admonished appellant of his obligation, if convicted, to register as a sex offender. Therefore, we cannot determine from the record whether the trial court erred. See Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Crim.App.1985) (holding that [w]hen the record shows that the trial court gave an incomplete or incorrect admonishment, there is a prima facie showing that the defendant made a knowing and voluntary plea of guilty."); see also Castaneda v. State, No. 14–04–01173–CR, 2006 WL 561898, *1 (Tex.App.-Hous-

---

1. The trial court admonished appellant in writing of the range of punishment attached to the offense and the possibility of deportation because appellant is not a citizen of the United States. The trial court did not admonish appellant of the consequences of a plea bargain because appellant entered an open plea.

ton [14 Dist.] Mar. 02, 2006, pet. filed) (not designated for publication) (stating that "[b]ecause appellant did not produce a record of the plea hearing, it is impossible to determine from the appellate record whether the trial court orally admonished appellant of his obligation to register as a sex offender if convicted."); *Cathey v. State*, No. 14–96–01403–CR, 1999 WL 21355, *1 (Tex.App.-Houston [14th Dist.], Jan. 21, 1999, no pet.) (not designated for publication) (showing that the appellate court, because there is no record of any oral admonishments, and because appellant had waived a record of his plea hearing, could not conclude that the trial court did not properly admonish him regarding punishment). Any error by the trial court was not preserved for appellate review.

■ Moreover, even if the record showed the trial court failed to admonish appellant of his obligation to register as a sex offender if convicted, any error would be harmless. The failure of a trial court to admonish a defendant as to potential consequences of having to register as a sex offender does not render a guilty plea involuntary. *See Anderson v. State*, 182 S.W.3d 914, 921 (Tex.Crim.App.2006) (after considering the record as a whole, court concluded no substantial right involving decision to plead guilty was affected by the trial court's error in failing to admonish defendant of the registration requirement for convicted sex offenders; thus, the error was held harmless); *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex.Crim.App. 2004) (concluding that failure to admonish defendant as to sex-offender registration requirement did not violate his due process rights).

■ A violation of article 26.13 falls within the non-constitutional harmless error standard embodied in Texas Rule of Appellate Procedure 44.2(b). *Anderson v. State*, 182 S.W.3d 914, 918–19 (Tex.Crim.

App.2006). In applying this rule to the failure to give an admonition, the reviewing court must reverse unless, considering the record as a whole, the reviewing court has fair assurance that the defendant's decision to plead guilty would not have changed had the court properly admonished him. *Id.* at 919. In considering the effect of this type of error on an appellant's decision to plead guilty, we must consider, among other things, the strength of the evidence of guilt. *Id.*

Appellant, his brother, and the complainant each gave a statement to the police. In her statement, the complainant said she had stepped out of her apartment when appellant and his brother grabbed her and forced her into their car. They initially drove to a motel, then left the motel and took her out to an open field. While in the field, the brothers alternately sexually assaulted the complainant. The complainant testified that she fought her assailants and feared for her life during the attack. Appellant and his brother gave statements to the police in which they admitted the sexual assault occurred without the complainant's consent, but stated the complainant got into their car voluntarily. Considering the record as a whole, even if the trial court failed to admonish appellant, there is no evidence that appellant's decision to plead guilty to the aggravated sexual assault charge would have been different if the trial court had admonished him about the sex offender registration requirements. Therefore, the error, if any, was harmless. *See Anderson*, 182 S.W.3d at 919. Accordingly, we overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed.