Affirmed and Memorandum Opinion filed October 31, 2006








Affirmed and Memorandum Opinion filed October 31, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01139-CR

____________

 

JUAN CARLOS CERDA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 45,336

 



 

M E M O R A N D U M   O P I N I O N








Without an agreed recommendation on punishment, appellant
Juan Carlos Cerda pleaded guilty to aggravated sexual assault of a child[1]
and elected to have the judge assess punishment.  The trial court found him
guilty and assessed punishment at sixty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In a single
point of error, he contends his guilty plea was involuntary because the trial
court failed to admonish him, pursuant to Texas Code of Criminal Procedure
article 26.13(a)(5), that he would be required to register as a sex offender.[2] 
As part of that issue, he further asserts the trial court erred in not
ascertaining whether counsel advised him of the registration requirement.[3] 
Concluding appellant has not preserved error and, even had it been preserved,
the error was harmless, we affirm.

Factual and Procedural Background

On August 30, 2004, appellant pleaded guilty, without a
recommendation on sentencing, to the aggravated sexual assault of D.S., a child
under the age of fourteen.  At the plea hearing, the State offered the
following four exhibits:  (1) the indictment; (2) appellant=s Aaffidavit of
admonition, waivers, judicial confession, statements, plea, probation and
appeal - felony less than capital@; (3) the
supplemental offense report; and (4) medical records from UTMB Galveston.  As
part of the plea colloquy between the court and appellant, appellant stated he
had read and understood Exhibit 2, in which he  Aconsent[ed] to the
stipulation of evidence . . . and further consent[ed] either to an oral
stipulation of the evidence and testimony or to the introduction of testimony
by affidavits, written statements of witnesses, and any other documentary
evidence.@








Appellant agrees that State=s Exhibits 3 and 4
set forth the following facts.  On June 27, 2003, D.S.=s mother gave a
pool party to celebrate D.S.=s seventh birthday and invited appellant
and his family.  Later that night, after the party had moved to D.S.=s residence and
D.S. fell asleep, his mother put him on the bed in her bedroom so he would not
be disturbed.  Appellant=s two sons were in D.S.=s bedroom at the
time, and one was playing on the computer.  All the adults were still outside
the house.

Between 1:30 and 2:00 a.m. the next morning, appellant said
it was time to leave and entered the house to get his children.  After
appellant remained inside the house for a while, D.S.=s mother went
inside to make sure everything was alright.  She looked in D.S.=s room and saw
that appellant=s sons were still there.  After checking the rest of
the house, she opened her bedroom door and saw appellant in her bed under the
covers and over the top of D.S.  D.S. was on his side, facing away from
appellant.  D.S.=s mother then saw appellant zipping up the
zipper on his shorts.  When his mother asked D.S. what had happened, D.S. said
appellant awakened him, pulled down D.S.=s pants (swim
shorts), and told D.S. to be quiet.  Appellant then put something hard in D.S.=s bottom, and it
hurt.  D.S.=s mother grabbed  D.S., took him to her car, and drove
him to Alvin Urgent Care Center.

As appellant was leaving the residence, D.S.=s father asked him
what was happening, and appellant replied, AI=m sorry I=m drunk; [D.S.=s mother]
misunderstood.@  Appellant kept saying, A[L]et me explain
this.@

D.S. was later transported to UTMB Galveston, where a
doctor performed a sexual assault examination.  D.S.=s report to
medical personnel was essentially the same as what he told his mother.  D.S.=s physical
examination revealed a rectal tear, which, combined with redness and tenderness,
was consistent with anal penetration.








According to the laboratory report, semen was detected on
D.S.=s anal swab,
debris swabs, and swim shorts.  According to a supplemental report, AThe DNA profile
obtained from the sperm cell fraction of the anal swab is consistent with a
mixture of [appellant] and [D.S.].@  Appellant could
not be excluded as a contributor of the stain, and A[t]he probability
of selecting an unrelated person at random who could be the source of this DNA
profile is approximately 1 in 5.348 trillion for Caucasians, 1 in 5.767 for
Blacks, and 1 in 6.974 trillion for Hispanics.@  The supplemental
report further states appellant could not be excluded as the contributor of the
stain on the swim shorts, and A[t]he probability of selecting an unrelated
person at random who could be the source of this DNA profile is approximately 1
in 216.3 trillion for Caucasians, 1 in 422.8 trillion for Blacks, and 1 in
353.2 trillion for Hispanics.@ 

After conducting the plea colloquy and admitting the State=s exhibits without
objection, the trial court accepted appellant=s plea, found him
guilty, and ordered a- presentence investigation report.  After considering the
presentence investigation report, defense witnesses=s testimony, and
counsels= arguments, the
trial court assessed punishment at sixty-five years >confinement. 
Appellant did not file a motion for new trial.

Failure to Preserve Error

In his sole issue, appellant contends, his Aplea of guilty was
involuntary because the trial court failed to admonish [him] in accordance with
article 26.13(a)(5) Code of Criminal Procedure that he would be required to
meet sex offender registration requirements.@  As part of that
issue, he further asserts the trial court erred in not ascertaining whether
counsel advised him of the registration requirement.








 AExcept for complaints involving systemic
(or absolute) requirements, or rights that are waivable only . . . , all other
complaints, whether constitutional, statutory, or otherwise, are forfeited by
failure to comply with [Appellate Procedure] Rule 33.1(a).@  Mendez v.
State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).  An appellant who
complains about the trial court=s failure to admonish regarding sex
offender registration requirement must have preserved error.  See Tex. R. App.  P. 33.1(a); Rhea v.
State, 181 S.W.3d 478, 484 (Tex. App.CTexarkana 2005,
pet. ref=d), cert.
denied, ___ U.S. ___, 126 S. Ct. 2357 (2006)  (applying Rule 33.1 to
complaint about trial court=s failure to admonish on range of
punishment).  Appellant did not file a motion for new trial or otherwise
complain of the alleged error to the trial court.  Appellant has failed to
preserve his issue for review.  See Rhea, 181 S.W.3d at 484 (holding,
because defendant=s motion for new trial lacked requisite
specificity to preserve error and record did not show motion was timely
presented to trial court, defendant did not preserve error, but even had he
done so, trial court=s failure to admonish him was harmless). 
As discussed below, however, even if appellant had preserved error, the trial
court=s failure to
admonish him was harmless.

Harmlessness of the Error

Appellant contends his plea was involuntary because of the
trial court=s failure to admonish him about the sex offender
registration requirement or ascertain whether counsel had advised him about the
requirement.  The State tacitly concedes the trial court erred in these two
regards.  At least absent a showing of harm, however, Afailure to
admonish appellant as to a direct, non‑punitive consequence of his plea,
specifically, the sex‑offender‑registration requirement, [does] not
violate due process or render his plea involuntary.@  Mitschke v.
State, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004); see also Castaneda v. State, No. 14‑04‑01172‑CR, 2006 WL 1892251,
at *2 (Tex. App.CHouston [14 Dist.] July 6, 2006, no pet.)
(stating failure of trial court to admonish defendant regarding potential
consequences of having to register as a sex offender does not render guilty
plea involuntary).








A failure to advise a defendant of the sex offender
registration requirement falls within the non‑constitutional harmless
error standard embodied in Texas Rule of Appellate Procedure 44.2(b).  Anderson
v. State, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006);  Castaneda,
2006 WL 1892251, at *2.[4] 
Neither party has the burden to prove harm.  Anderson, 182 S.W.3d at
918.  In applying the standard of rule 44.2(b) to the failure to give an
admonition, the reviewing court must reverse unless, considering the record as
a whole, the reviewing court has fair assurance the defendant=s decision to
plead guilty would not have changed if the court had properly admonished him.  Id.
at 919; Castaneda, 2006 WL 1892251, at *2.  We must look at the strength
of the evidence of the defendant=s guilt, as well
as whether the evidence shows the defendant did not know of the registration
requirement.  See Anderson, 182 S.W.3d at 920B21 (considering
evidence showing the defendant knew of the requirement and considering strength
of evidence of guilt); Castaneda, 2006 WL 1892251, at *2 (AIn considering the
effect of this type of error on an appellant=s decision to
plead guilty, we must consider, among other things, the strength of the
evidence of guilt.@).

In the present case, the record is silent on whether
appellant did or did not know the sex offender registration requirement was a
consequence of his plea.  A silent record may support the inference he did not
know.  See Burnett v. State, 88 S.W.3d 633, 637, 638 (Tex. Crim.
App. 2002).

The strength of the evidence of his guilt, set forth fully
in the factual and procedural background above, however, is overwhelming.  In
summary form, it consists of (1) D.S.=s mother=s observations of
D.S. and appellant in her bed, (2) D.S.=s account of what
occurred as stated to his mother and medical personnel, (3) the injury to D.S.,
which was consistent with anal penetration, and (4) the DNA analysis, which
appellant concedes showed he was the probable source of the DNA found on D.S.=s anal swab and
swim shorts.  There is no evidence he is not guilty.

Considering the record as a whole, we have fair assurance
appellant=s decision to plead guilty to the aggravated sexual
assault charge would not have changed if the trial court had admonished him
about the sex offender registration requirement or ascertained whether counsel
had advised him.  See Anderson, 182 S.W.2d at 919.  Therefore, no
substantial right involving the appellant=s decision to
plead guilty was affected by the trial court=s error.  See
id. at 921.  By the standard of Rule of Appellate Procedure 44.2(b), the
error was harmless.  Id.; see also Castaneda, 2006 WL 1892251, at
*2 (concluding same after analyzing only evidence of defendant=s guilt).








Appellant, however, argues because the record is silent
about whether he understood the consequences of his plea, this court should
infer he did not know the consequences.  Appellant then reasons this court should
have grave doubt whether the conviction was free from the substantial influence
of the errorCi.e., failure to admonish and failure to
ascertain whether counsel advised himCand must conclude
the error was harmful.  In support of his position, he cites  Burnett,
88 S.W.3d at 637B38; Song Sun Hwang v. State, 130
S.W.3d 496, 499B500 (Tex. App.CDallas 2004, pet.
ref=d); and Shankle
v. State, 59 S.W.3d 756, 761B62 (Tex. App.CAustin 2001), vacated
on other grounds, 119 S.W.3d 808 (2003).

The part of the Burnett
opinion on which appellant relies appears in the following context:

Reviewing courts must examine the
entire record to determine whether, on its face, anything in that record
suggests that a defendant did not know the consequences of his pleaChere, the range of punishment.  Of
course, a silent record would support such an inference.  The reviewing
court also may simultaneously consider record facts from which one would
reasonably infer that a defendant did know the consequences of his plea or, in
this case, was actually aware of the range of punishment.  It is ultimately the
responsibility of the reviewing court to determine whether the record supports
or negates the defendant=s assertion of harm.  If, after a
conscientious examination of the record, the reviewing court is left with Agrave doubt@ on the matter, the error is not
harmless.

 

88
S.W.3d at 638B39 (citations and footnotes omitted) (emphasis added).








In Burnett, however, the court held the errorCfailure to advise
of the range of punishmentCwas harmless.  Id. at 635, 641.  In
reaching this conclusion, the court observed there was nothing in the record
that supported inferences that (1) the defendant was unaware of the
consequences of his plea or (2) the trial court=s failure to
admonish the defendant misled him into pleading guilty because he did not know
the applicable range of punishment.  Id. at 635.[5] 
The record instead was Areplete with evidence that he did know
the punishment range.@  Id. at 639.  He was present at
voir dire, during which there was extensive discussion of the punishment range
and questioning of the jurors about whether they could consider the full range
of punishment.  See id.  The defendant did not at any point attempt to
withdraw his plea during or after voir dire, and entered his formal plea after
the completion of voir dire.  See id. at 640.  In addition, there were
approximately forty-five references to Alife sentence,@ Alife in prison,@ or Afive‑to‑99
or life@ during the
defendant=s arraignment, voir dire, and the trial on punishmentCproceedings which
lasted less than two days.  See id. at 641.  Thus, despite the language
in Burnett that a silent record would support an inference of the
defendant=s lack of knowledge of the plea consequences, the
court in Burnett did not hold that silence is conclusive on the issue.

In Song Sun Hwang, the Dallas court of appeals held,
in the face of a silent record, that failure to admonish on the risks of
deportation constituted harmful error.  130 S.W.3d at 500B01.  In Shankle,
the Austin court of appeals simply stated, AThe conviction
arising from appellant=s guilty plea will result in harm to him
in the form of a lifetime duty to register as a sex offender.  The duty to
register was the subject of the omitted admonishment.@  59 S.W.3d at
762.  The court then concluded that Athe district court=s error affected a
substantial right.@ Id.

Like Burnett, both Song Sun Hwang and Shankle
predate Anderson, in which the Court of Criminal Appeals considered the
strength of the evidence of the defendant=s guilt as well as
the evidence he was potentially aware of the sex offender registration
requirement.  See Anderson, 182 S.W.3d at 920B21.  Given the
overwhelming evidence showing the defendant in Burnett knew about the
range of punishment, there was no need for the Court of Criminal Appeals to
discuss the strength of evidence of guilt.  Neither the Song Sun Hwang
nor the Shankle court conducted such an analysis.  They do not control
the disposition in the present case.








As discussed above, after considering the record as a
whole, we have fair assurance no substantial right involving appellant=s decision to
plead guilty was affected by the trial court=s error, and the
error, even if preserved, was therefore harmless.  See Anderson, 182
S.W.2d at 921; Castaneda, 2006 WL 1892251, at *2.  Accordingly, we overrule appellant=s sole point of
error.

Conclusion

Having overruled appellant=s sole point of
error, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 31, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  See Tex.
Pen. Code Ann. ' 22.021(a)(1)(B)(i) (Vernon 2003) (proscribing Apenetration of the anus or sexual organ of a child by
any means@).





[2]  See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(5) (Vernon Supp. 2006) (providing
court, prior to accepting guilty or no contest plea, must admonish defendant he
will be required to meet registration requirements of Chapter 62, if convicted
of, or placed on deferred adjudication for, an offense for which person is
subject to registration under that chapter).

 





[3]   The law in effect when appellant entered his guilty
plea provided:  ABefore accepting a plea of guilty or nolo contendere
from a defendant described by Subsection (a)(5), the court shall ascertain
whether the attorney representing the defendant has advised the defendant
regarding registration requirements under Chapter 62.@  Act of May 29, 1999, 76th Leg., R.S., ch. 1415, ' 1, art. 26.13(h), 1999 Tex. Gen. Laws 4831, 4832
(amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 26.13(h) (Vernon Supp. 2006)).





[4]  Appellant does not argue that a different harmless
error standard applies to the trial court=s
failure to ascertain whether counsel advised appellant of the sex offender
registration requirement.  We have found no case law requiring a different
standard or analysis than that applied to the trial court=s failure to admonish appellant.  Accordingly, we
apply the same harmless error analysis to both complaints.





[5]  The court of criminal appeals criticized the
intermediate appellate court for inverting the first part of the required
analysis and essentially stating the record must clearly show appellant knew
the consequences of his plea when A[t]he
correct test is just the oppositeCto
warrant a reversal on direct appeal, the record must support an inference that
appellant did not know the consequences of his plea.@  Burnett, 88 S.W.3d at 638 (citing Carranza
v. State, 980 S.W.2d 653, 657B58
(Tex. Crim. App. 1998)).