# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


**NO. 2-08-059-CR**

CORY N. MCMULLEN                                          APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one point, appellant Cory N. McMullen contends that his guilty plea was not entered into knowingly and voluntarily because the trial court failed to properly admonish him of the range of punishment. We affirm.

The State charged appellant with Class B misdemeanor driving while intoxicated (DWI) with an open container enhancement. Class B DWI carries a punishment range of confinement of not less than three days, but no more

---

[1] *See* Tex. R. App. P. 47.4.

than one hundred eighty days, and a fine not to exceed $2,000. Tex. Penal Code Ann. §§ 12.22, 49.04(b) (Vernon 2003). If the State proves the open container enhancement paragraph, the minimum confinement for the offense increases to not less than six days. *Id*. §§ 12.22, 49.04(c).

Appellant pled guilty to "DWI CLASS B." The plea agreement shows that the State recommended punishment of fifteen days in jail, plus a $550 fine. The range of punishment for the offense is listed as "3-180/0-2000." Additionally, the plea agreement states, "The Defendant acknowledges that he is aware of the full range of punishment provided by law for this offense as set forth below." The boxes by "PLEA RECOMMENDATION" and "OPEN PLEA TO COURT" are both checked, and the box by "PLEA BARGAIN FOLLOWED" under "FOR COURT USE ONLY" is checked. The boxes for "ENHANCED?" and "ENHANCEMENT WAIVED" are not checked. Under the notation, "open," is the following handwritten phrase, "State opposes labor detail."

The trial court's docket sheet, which contains the trial judge's and appellant's signatures, shows that appellant pled guilty to "Count One, A Class B Misdemeanor." All entries are typewritten, except the final notation on the docket sheet, which notes, "Enhancement Waived." The trial court's certification of appellant's right to appeal indicates that the case "is a plea-

2

bargain as to punishment case," but also that "the trial court has given permission to appeal." *See* Tex. R. App. P. 25.2(a), (d).

Appellant contends that his plea was not knowingly and voluntarily entered because the trial court failed to admonish him on the increased minimum confinement upon a finding of "true" to the open container enhancement. Nothing in the clerk's record shows that appellant was so admonished; however, appellant failed to obtain a reporter's record from the guilty plea hearing, so we cannot determine what, if any, admonishments the trial court made. Thus, appellant has failed to preserve his complaint. *See* Tex. R. App. P. 33.1(a); *Castaneda v. State*, 230 S.W.3d 221, 222–23 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Moreover, it appears from the totality of the record provided that the State waived the enhancement paragraph; thus, the three-day minimum confinement listed in the plea papers signed by appellant is the correct minimum period of confinement for the offense to which appellant pled guilty. *See Junious v. State*, 120 S.W.3d 413, 414–15 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). And because appellant's sentence was within the actual range of punishment for both the enhanced and unenhanced offense, we presume the trial court complied with article 26.13. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2009); *Robinson v. State*, 739 S.W.2d 795, 801 (Tex.

3

Crim. App. 1987); *see also Lemmons v. State*, 133 S.W.3d 751, 757 (Tex. App.—Fort Worth 2004, pet. ref'd) ("A trial court is considered to have substantially complied with article 26.13 when it admonishes the defendant of the appropriate range of punishment, the sentence given is within the range prescribed by law, and the defendant fails to affirmatively show harm."). We overrule appellant's sole point.

Having overruled appellant's sole point, we affirm the trial court's judgment.


                                        TERRIE LIVINGSTON
                                        JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 9, 2009

4