COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-059-CR

 

 

CORY N. MCMULLEN                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

       FROM COUNTY
CRIMINAL COURT NO. 10 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In one point, appellant Cory N. McMullen contends
that his guilty plea was not entered into knowingly and voluntarily because the
trial court failed to properly admonish him of the range of punishment.  We affirm.








The State charged appellant with Class B
misdemeanor driving while intoxicated (DWI) with an open container
enhancement.  Class B DWI carries a
punishment range of confinement of not less than three days, but no more than
one hundred eighty days, and a fine not to exceed $2,000.  Tex. Penal Code Ann. '' 12.22,
49.04(b) (Vernon 2003).  If the State
proves the open container enhancement paragraph, the minimum confinement for
the offense increases to not less than six days.  Id. '' 12.22,
49.04(c).

Appellant pled guilty to ADWI
CLASS B.@  The plea agreement shows that the State
recommended punishment of fifteen days in jail, plus a $550 fine.  The range of punishment for the offense is
listed as A3-180/0-2000.@  Additionally, the plea agreement states, AThe
Defendant acknowledges that he is aware of the full range of punishment
provided by law for this offense as set forth below.@  The boxes by APLEA
RECOMMENDATION@ and AOPEN
PLEA TO COURT@ are both checked, and the box
by APLEA
BARGAIN FOLLOWED@ under AFOR
COURT USE ONLY@ is checked.  The boxes for AENHANCED?@ and AENHANCEMENT
WAIVED@ are not
checked.  Under the notation, Aopen,@ is the
following handwritten phrase, AState
opposes labor detail.@








The trial court=s docket
sheet, which contains the trial judge=s and
appellant=s signatures, shows that
appellant pled guilty to ACount One, A Class B
Misdemeanor.@ 
All entries are typewritten, except the final notation on the docket
sheet, which notes, AEnhancement Waived.@  The trial court=s
certification of appellant=s right
to appeal indicates that the case Ais a
plea-bargain as to punishment case,@ but
also that Athe trial court has given
permission to appeal.@ 
See Tex. R. App. P. 25.2(a), (d).

Appellant contends that his plea was not
knowingly and voluntarily entered because the trial court failed to admonish
him on the increased minimum confinement upon a finding of Atrue@ to the
open container enhancement.  Nothing in
the clerk=s record shows that appellant
was so admonished; however, appellant failed to obtain a reporter=s record
from the guilty plea hearing, so we cannot determine what, if any,
admonishments the trial court made. 
Thus, appellant has failed to preserve his complaint.  See Tex. R. App. P. 33.1(a); Castaneda
v. State, 230 S.W.3d 221, 222B23 (Tex.
App.CHouston
[14th Dist.] 2006, no pet.).








Moreover, it appears from the totality of the
record provided that the State waived the enhancement paragraph; thus, the
three-day minimum confinement listed in the plea papers signed by appellant is
the correct minimum period of confinement for the offense to which appellant
pled guilty.  See Junious v. State,
120 S.W.3d 413, 414B15 (Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d).  And because appellant=s
sentence was within the actual range of punishment for both the enhanced and
unenhanced offense, we presume the trial court complied with article
26.13.  See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon 2009); Robinson v. State, 739 S.W.2d 795, 801
(Tex. Crim. App. 1987); see also Lemmons v. State, 133 S.W.3d 751, 757
(Tex. App.CFort Worth 2004, pet. ref=d) (AA trial
court is considered to have substantially complied with article 26.13 when it
admonishes the defendant of the appropriate range of punishment, the sentence
given is within the range prescribed by law, and the defendant fails to
affirmatively show harm.@).  We overrule appellant=s sole
point.

Having overruled appellant=s sole
point, we affirm the trial court=s
judgment.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 9, 2009











[1]See Tex. R. App. P. 47.4.