**Gilberto CARDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–01201–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 2007.

Rehearing Overruled July 5, 2007.

---

Sandra Morehead, Houston, TX, for appellant.

William E. Parham, Criminal District Attorney, Debra S. Mergel, Assistant District Attorney, Hempstead, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and HIGLEY.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Gilberto Cardoza, pleaded guilty to the aggravated sexual assault of a child[1] without an agreed recommendation on punishment, and the trial court sentenced him to 50 years' imprisonment. In his sole issue, appellant argues that his guilty plea was not knowingly and voluntarily made.

We affirm.

### Facts

On May 19, 2004, appellant pleaded guilty to the aggravated sexual assault of a child. The court then invited the State to present its evidence. The record states:

---

1. *See* Tex. Pen.Code Ann. § 22.021(B) (Vernon    Supp.2006).

[STATE]: At this time we would present the documents that have been signed and sworn to.

[TRIAL COUNSEL]: No objection.

[COURT]: They are admitted. Mr. Cardoza, I have before me State's Exhibits [sic] 1 and State's Exhibit 2. Both exhibits bear a signature above the line marked defendant. Is that your signature?

[APPELLANT]: Yes. It's my signature.

[COURT]: And there is also a signature for your attorney, and I recognize that to be Mr. Baker's [appellant's trial counsel] signature.

[APPELLANT]: Yes. That is.

[COURT]: I take it that you and your attorney reviewed those documents?

[APPELLANT]: Yes.

[COURT]: You had ample time to discuss them with him and he helped you understand what they meant, correct?

[APPELLANT]: Yes.

[COURT]: And do you have a full and complete understanding of these documents?

[APPELLANT]: Yes, sir.

[COURT]: And I can therefore take them at face value?

[APPELLANT]: Yes.

State's Exhibit 1 was a document entitled "Felony Admonitions to the Defendant," which read, in part:

4. If the Defendant is not a citizen of the United States of America, a plea of guilty or nolo contenders [sic] for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

5. If the Defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to sex offender registration, the defendant will be required to meet the registration requirements of Chapter 62 of the Code of Criminal Procedure. See attached supplemental sex offender registration admonition.

Both appellant and his attorney signed this document below a statement reading, "The Defendant understands the admonitions given above and is aware of the consequences of his plea." State's Exhibit 2 was a document entitled "Waivers of Constitutional Rights, Stipulations, Judicial Confession, and Agreement," which appellant and his attorney also signed. The trial court accepted appellant's guilty plea, but withheld a finding on guilt to allow for the preparation of a presentence investigation report (PSI).

On August 18, 2004, the trial court found appellant guilty of aggravated sexual assault of a child and sentenced him to 50 years' imprisonment.[2] On September 8, 2004, appellant filed two pro se motions: (a) a motion for reconsideration or reduction of sentence that stated, in part, that he "[would] abide by any terms or conditions of community supervision pursuant to deferred adjudication that the Court may impose, including ... sex offender registration pursuant to Art. 62.01 TCCP" and (b) a motion for new trial stating, "The verdict in this cause is contrary to the law and the evidence." That same day, appellant's trial counsel filed a motion to withdraw as counsel. On September 17, 2004, the trial court granted trial counsel's motion to withdraw and appointed appellate counsel.

---

2. The judgment states, in part, that "[t]he **Sex Offender Registration Requirements** under Chapter 62, CCP, **do not apply** to the Defendant." (Emphasis in original). Appellant concedes that this is a mistake.

## Analysis

In his sole issue, appellant argues that his guilty plea was not knowingly and voluntarily made because: (1) the trial court failed to admonish him about the sex offender registration requirement and the potential for deportation and (2) the trial court failed to ask appellant's trial counsel if he had discussed the sex offender registration requirement with appellant.

### *Failure to Admonish*

■ Appellant first argues that the trial court failed to properly admonish him about the sex offender registration requirement and the potential for deportation.

Article 26.13 of the Texas Code of Criminal Procedure requires that, before accepting a guilty plea, the trial court must admonish a defendant of (1) the range of punishment; (2) the fact that the State's punishment recommendation is not binding on the trial court; (3) the limited right to appeal; (4) the possibility of deportation if the defendant is not a United States citizen; and, if applicable, (5) the fact that he may be required to comply with Chapter 62 registration requirements. TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.2006).

Here, the trial court admonished appellant in writing[3] that he would be required to register as a sex offender and that his conviction might result in deportation. Admonition number five clearly states that if convicted of an offense for which registration as a sex offender is required, appellant would be "required to meet the registration requirements of Chapter 62 of the Code of Criminal Procedure"; admonition number four clearly states that if appellant is not a citizen of the United States, his guilty plea "may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law"; and both appellant and his attorney signed the document that included the registration and deportation admonitions immediately below a statement reading that "[t]he Defendant understands the admonitions given above and is aware of the consequences of his plea." Moreover, the trial court ascertained that appellant and his attorney had reviewed the written admonitions;[4] that appellant had had ample time to discuss them with his attorney; that appellant's attorney had helped him understand the admonitions; and that appellant did, in fact, have "a full and complete understanding of [the admonitions]." As appellant points out, however, admonition number five refers to an "attached supplemental sex offender registration admonition," which is not in the record and

---

3. Appellant points out that the trial court never ascertained that appellant was able to read and understand the written admonitions that were given. However, appellant cites no authority requiring a court to determine whether a defendant can read and write; nor can we find any. Moreover, the trial court, before accepting appellant's guilty plea, ascertained that appellant and his attorney had reviewed the written admonitions, that appellant had had ample time to discuss them with his attorney, that appellant's attorney had helped him understand the admonitions, and that appellant did, in fact, have "a full and complete understanding of [the admonitions]."

4. Appellant also points out that the trial court did not specifically identify State's Exhibit 1 and State's Exhibit 2. However, when the State introduced these exhibits at appellant's plea hearing, appellant's trial counsel specifically voiced that he had *no objection to their admission*, and appellant answered several questions about the exhibits, including questions about whether the signatures on both exhibits included his own. Based on this evidence, it is clear that both appellant and his trial counsel knew which documents the State introduced and about which the trial court was asking questions.

which appellant contends he never received.

Regardless of whether appellant received the supplemental admonition, the trial court properly admonished appellant about the sex offender registration requirement. Article 26.13(a)(5) requires only that a defendant be informed that he "will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter." Tex.Code Crim. Proc. Ann. art. 26.13(a)(5). It does not require that a defendant be admonished regarding the specific details or effects of registration. *Carter v. State*, 82 S.W.3d 392, 395 (Tex. App.-Austin 2002, no pet.); *see Mitschke v. State*, 129 S.W.3d 130, 136 (Tex.Crim.App. 2004) ("A trial court is not required to admonish a defendant about every possible consequence of his plea, direct or collateral, only about those direct consequences that are punitive in nature or specifically enunciated by the law.").

Appellant also points out that the trial court made no oral admonitions, but relied solely on the written admonitions. Under the Code of Criminal Procedure, however, the trial court may admonish the defendant as required by article 26.13 either orally *or* in writing. Tex.Code.Crim. Proc. Ann. art. 26.13(d) (Vernon Supp.2006). If the admonitions are made in writing, the trial court must receive a statement signed by the defendant and his attorney that the defendant understands the admonitions and is aware of the consequences of his plea. *Id.* Only if the defendant is unable or refuses to sign the statement must the court orally admonish the defendant. *Id.* Here, appellant and his attorney signed the document entitled "Felony Admoni-

tions to the Defendant" including the registration and deportation admonitions, which affirmed that appellant understood the admonitions and was aware of the consequences of his plea. Thus, the trial court was not required to admonish appellant orally. *See id.*

### Failure to Question Trial Counsel

■ Appellant also argues that the trial court failed to ask appellant's trial counsel whether he had discussed the sex offender registration requirement with appellant.

Although it has since been changed by the legislature, at the time of appellant's guilty plea, article 26.13(h) required the trial court to ascertain, before accepting a guilty plea from a defendant who would be required to register as a sex offender, whether defense counsel had advised the defendant of the registration requirements under Chapter 62. Act of June 19, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4832. The record shows that the trial court did not specifically ask trial counsel at appellant's plea hearing whether he had discussed the sex offender registration requirements with appellant. However, former article 26.13(h),[5] the article in effect at the time of appellant's guilty plea, did not require that the trial court specifically ask trial counsel whether he had discussed these requirements with the defendant; it only required that the trial court "ascertain whether the attorney representing the defendant [had] advised the defendant regarding registration requirements under Chapter 62." *See* Act of June 19, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4832. Here, the trial court ascertained that appellant and his attorney had reviewed the written admonitions, which included the sex offender registration admonition; that

---

**5.** Article 26.13(h) has been amended since appellant's guilty plea. *See* Act of June 18, 2005, 79th Leg., R.S., ch. 1008, § 1.03, 2005 Tex. Gen. Laws 3385, 3419.

appellant had had ample time to discuss them with his attorney; that appellant's attorney had helped him understand the admonitions; and that appellant did, in fact, have "a full and complete understanding of [the admonitions]." Moreover, appellant and his attorney signed the document with the registration admonition immediately below a statement affirming that appellant understood the admonitions given and was aware of the consequences of his plea. Based on this evidence, we conclude that the trial court ascertained that appellant's trial counsel had advised appellant regarding the Chapter 62 registration requirements as required by former article 26.13(h). *See* Act of June 19, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4832.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.