Opinion issued May 13, 2010









 



     


In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00928-CR




MARTIN FELIPE CZERNY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1093888




MEMORANDUM OPINION

            Appellant, Martin Felipe Czerny, was charged with sexual assault of a child. 
Appellant entered, and the trial court accepted, a plea of guilty. The trial court
assessed punishment at seven years’ deferred adjudication and placed appellant on
community supervision. Less than thirty days later, appellant, having obtained new
counsel, moved the trial court to adjudicate his guilt. He then moved to withdraw his
earlier guilty plea, arguing that it was involuntary. The trial court held a hearing on
the motion to adjudicate guilt and found appellant guilty. After the trial court found
him guilty, but before it assessed punishment, appellant filed a motion for exemption
from the requirement to register as a sexual offender. The trial court denied
appellant’s motion to withdraw his plea and his motion for exemption from
registration and assessed punishment at three years’ imprisonment. In three issues on
appeal, appellant contends that (1) his plea of guilty was involuntary and unknowing
because he received ineffective assistance of counsel; (2) the trial court abused its
discretion by refusing to allow him to withdraw his plea of guilty; and (3) the trial
court erred in failing to grant his petition for exemption from registration as a sex
offender under Article 62 of the Texas Code of Criminal Procedure because he was
entitled to exemption from registration as a young adult sex offender.
          We affirm.
BACKGROUND

          On January 30, 2007, appellant, age 22, was indicted for the felony offense of
sexual assault of a child, age 16. On July 25, 2007, appellant, represented by counsel
J. Monks, entered a plea of guilty. Prior to accepting his plea, the trial court
admonished appellant in writing. Appellant received both general admonishments
and admonishments designed for persons pleading guilty to sexual offenses. These
included specific admonishments that appellant faced punishment of “not more than
20 years or less than 2 years,” a statement that he entered the plea without a
punishment recommendation to the court, an indication that his opportunities to
appeal would be restricted, and an admonishment acknowledging that he would have
to register as a sex offender for the rest of his life. Appellant indicated through his
signature or initials that he understood each of the written admonishments. He
acknowledged that he was aware of the charges he faced, the range of potential
punishment, and the limited right to appeal, that he understood what he was pleading
to and the consequences of his plea, and that he understood he would have to comply
with the registration requirements for sex offenders found in Chapter 62 of the Code
of Criminal Procedure for the remainder of his life. 
          In addition, appellant’s attorney indicated through his signature that he had
described each of these admonishments to appellant. The trial court signed the
admonishments, stating, “I have admonished the defendant of the fact the defendant
will be required to meet the registration requirements of Chapter 62 of the Texas
Code of Criminal Procedure. . . . I further find that the Defendant is aware of and
understands the registration requirements of Chapter 62 of the Texas Code of
Criminal Procedure.”
          The trial court accepted appellant’s plea on July 25, 2007, assessed punishment
at seven years’ deferred adjudication, and placed appellant on community supervision
conditioned on 32 distinct terms.
          On August 20, 2007, appellant, having retained new counsel, filed a motion to
adjudicate his guilt. Nine days later, appellant filed a motion to withdraw the plea of
guilty he had entered on July 25, 2007.
          In his motion to withdraw his plea of guilty, appellant argued that his plea was
involuntary because he was denied the effective assistance of counsel when he
entered his plea on July 25. Appellant’s motion and affidavit contended that his
counsel did not “advise him of all the ramifications and conditions that would be
placed upon him when the Court sentenced him to seven years deferred adjudication
. . . .” Specifically, appellant claimed that his counsel did not “advise him that he
would be a registered sex offender for life under the laws of the State of Texas, and
would have numerous and multiple conditions placed upon him regarding his place
of residence, persons and places that he could associate with, employment, housing,
and educational programs that he would have to attend.” 
          Appellant acknowledged signing or initialing the documents that contained the
written admonitions, but he claimed he did so at the instruction of his counsel and
without knowledge of what the documents said. Appellant stated that he did not read
the documents, and he claimed that his trial counsel did not explain the contents of
the documents to him. As evidence of his ignorance of what he signed, appellant
stated that he had initialed a statement that indicated he had not been previously
convicted of a felony, when, in actuality, he was then on probation for felony drug
possession. Lastly, appellant contended that his prior attorney had not interviewed
the complainant, whom appellant believed lied to authorities regarding her true age,
which, he contended, was 17 at the time of the offense.
          On October 5, 2007, the trial court held a hearing on appellant’s motion to
adjudicate guilt. The trial court asked appellant if he understood what was going on,
and appellant replied, “Yes, sir.” The trial court then asked, “You want me to find
you guilty of the offense and assess punishment, correct?” Appellant’s counsel
replied, “Well, we want you to find him guilty, Judge. Then we have a motion to set
aside the plea.” The trial court replied, “All right. He’s going to have a motion to set
aside the plea; but in the event I do not set aside the plea, I’m going to proceed to
sentence him.” The trial court then asked appellant if he remembered from the
hearing in which he pled guilty that “the range of punishment is by confinement in
the penitentiary for not less than two years and not more than twenty years; and, in
addition, you can receive a fine not to exceed $10,000.” Appellant again replied,
“Yes, sir.” The trial court then warned appellant that if it did not set aside the plea,
appellant was “going to go into custody and go to the penitentiary” while his attorney
filed an appeal based on the ineffective assistance of his prior counsel. Appellant’s
counsel responded, “Yes, your Honor, he does understand it.” The trial court asked
appellant again if he understood, and appellant again responded, “Yes, sir.” 
          Appellant’s counsel asked the trial court “to grant the motion and adjudicate
him guilty of that” and then to grant a hearing on the motion to withdraw his plea. 
The trial court complied and adjudicated appellant guilty of sexual assault of a child. 
The trial court then asked appellant’s counsel if he was presenting the motion to
withdraw the original plea of guilty and whether it was on file. Appellant’s counsel
replied that it was on file and that he was presenting it. He then requested a later
hearing on his motion to withdraw his plea of guilty to present evidence from
appellant’s prior attorney. In response to this request, the trial court stated, “We’ll
do it.” However, no separate hearing was held on this motion. 
          On October 16, 2007, appellant, through his new counsel, filed a “Petition for
Exemption from Registration Requirements for Young Adult Sex Offender.” In his
petition, appellant contended that he would show that he should be exempted from
the sex offender registration requirements of Chapter 62 of the Code of Criminal
Procedure “because he would be required to register only as a result of a single
reportable conviction or adjudication, other than an adjudication of delinquent
conduct” and because “the Court has entered in the appropriate judgment or has filed
with the appropriate papers a statement of an affirmative finding under . . . Article
42.017 or Art. 42.12 sec. 5(g).” Appellant alleged that he would further show that
“exempting him from the registration requirements does not threaten public safety
and that his conduct in the instant case did not occur without the consent of the
victim.”
          On October 22, 2007, the trial court denied appellant’s motion to withdraw
his plea, assessed punishment at three years’ imprisonment, and denied appellant’s
motion to be exempted from registration as a sex offender. The judgment
affirmatively stated, “The age of the victim at the time of the offense was 16
years.” It also stated, “sex offender registration requirements do apply to the
Defendant.” The judgment also made findings of fact that it had previously found
appellant qualified for community supervision and had deferred further
proceedings, making no finding of guilt and rendering no judgment but instead
placing appellant on community supervision for seven years and assessing a fine
of $500. The judgment further recited that appellant and his attorney had requested
that the finding be set aside and appellant’s guilt adjudicated. Appellant filed
notice of appeal the same day.
DISCUSSION
 
A.Motion to Exempt Appellant from Sex Offender Registration as Young
Adult
          In his third issue, appellant contends that the trial court committed reversible
error by failing to grant his petition for exemption from the registration
requirements under the young adult sex offender act. 
          Appellant was convicted of sexual assault of a child under section
22.011(a)(2) of the Texas Penal Code. Tex. Penal Code Ann. § 22.011(a)(2)
(Vernon 2003). Under section 22.011(a)(2), it is an affirmative defense to
prosecution that the actor was not more than three years older than the victim at the
time of the offense, was not required by Chapter 62 of the Code of Criminal
Procedure to register for life as a sex offender, and had no reportable conviction
or adjudication for an offense under Section 22.011, and that the victim was more
than 14 years of age. See Act of June 6, 2005, 79th Leg., R.S., ch. 268, 2005 Tex.
Gen. Laws 623, 713–14 (amended 2005) (current version at Tex. Penal Code
Ann. § 22.011(e) (Vernon Supp. 2009)).
           Chapter 62 of the Texas Code of Criminal Procedure requires generally that
“a person who has a reportable conviction,” including a conviction for sexual
assault of a child under section 22.011(a)(2) of the Penal Code, or who is required
to register as a condition of community supervision shall register as a sex offender. 
Tex. Code Crim. Proc. Ann. arts. 62.001(5)(A), 62.051 (Vernon 2006).


 
However, Article 62.301 of the Code provides that an eligible person placed on
deferred adjudication community supervision “may petition the court having
jurisdiction over the case for an order exempting the person from registration [as
a sex offender] under this chapter at any time after the person’s sentencing or after
the person is placed on deferred adjudication community supervision.” Tex. Code
Crim. Proc. Ann. art. 62.301(a) (Vernon 2006). A person is eligible to petition
for exemption if he “is required to register only as a result of a single reportable
conviction or adjudication, other than an adjudication of delinquent conduct” and
“the court has entered in the appropriate judgment or has filed with the appropriate
papers a statement of an affirmative finding described by Article 42.017 or Section
5(g), Article 42.12.” Id. art. 62.301(b). 
          Article 42.017 of the Code provides: 
 
In the trial of an offense under Section . . . 22.011 . . ., Penal
Code, the judge shall make an affirmative finding of fact and enter the
affirmative finding in the judgment in the case if the judge determines
that:
 
(1) at the time of the offense, the defendant was younger than
19 years of age and the victim was at least 13 years of age; and 
 
(2) the conviction is based solely on the ages of the defendant
and the victim or intended victim at the time of the offense. 
 
Tex. Code Crim. Proc. Ann. art. 42.017 (Vernon 2006). 
          Article 42.12, section 5(a) of the Code provides, with exceptions not
pertinent here, that “when in the judge’s opinion the best interest of society and the
defendant will be served, the judge may, after receiving a plea of guilty . . . ,
hearing the evidence, and finding that it substantiates the defendant’s guilt, defer
further proceedings without entering an adjudication of guilt, and place the
defendant on community supervision.” Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a) (Vernon 2007).


 Section 5(a) further provides that a judge may place on
community supervision a defendant charged with a felony under section 22.011
“only if the judge makes a finding in open court that placing the defendant on
community supervision is in the best interest of the victim.” Id. The failure to
make such a finding is not, however, grounds to set aside the plea or defer
adjudication. Id. 
          Finally, article 42.12, section 5(g) provides that in a sexual assault of a child
case under section 22.011 of the Penal Code in which a defendant who claims a
youth exemption from sex offender registration requirements has been placed on
community supervision: 
(g) . . . the judge shall make an affirmative finding of fact and
file a statement of that affirmative finding with the papers in the case
if the judge determines that: 
 
                    (1) at the time of the offense, the defendant was younger
than 19 years of age and the victim or intended victim was at least 13
years of age; and
 
(2) the charge to which the plea is entered under this
section is based solely on the ages of the defendant and the victim or
intended victim at the time of the offense. 
 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(g) (Vernon 2006). 
          Here, appellant did not plead the affirmative defense provided for young sex
offenders by section 22.011(e) of the Penal Code, and, at the hearing at which his
guilty plea was accepted, appellant did not offer any evidence that he was less than
three years older than the complainant, as required to establish the affirmative
defense set out in section 22.011(1)(a)(2) of the Code. At the plea hearing, the trial
court was not asked to make and did not make the finding provided for in article
42.017 of the Code of Criminal Procedure that appellant was younger than 19 years
of age at the time of the offense and the victim at least 13. See Tex. Code Crim.
Proc. Ann. art. 42.017. 
          The trial court accepted appellant’s guilty plea, deferred an adjudication of
guilt, and placed appellant on community supervision, as provided for in article
42.12, section 5(a) of the Code of Criminal Procedure. The order of deferred
adjudication contained a finding that appellant’s being placed on community
supervision was in the best interest of the complainant and society, as required by
that sub-section. However, neither the order nor other papers in the record
contained the affirmative finding required by article 42.12, section 5(g) for a
defendant claiming a youth exemption from sex offender registration requirements
namely that he was younger than 19 years of age at the time of the offense and the
victim at least 13 years old. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(g). 
 Therefore, appellant failed to satisfy the statutory requirements that such a finding
be made in the order of deferred adjudication and that it be in the papers of the case
or be included in the judgment. See id. art. 62.301(b).     
          Moreover, the record affirmatively demonstrates that appellant was not
eligible for exemption from the sexual offender registration requirements of
Chapter 62 of the Code of Criminal Procedure under article 42.12 section 5(g) or
article 42.017 of the Code. The “Waiver of Constitutional Rights, Agreement to
Stipulate, and Judicial Confession,” signed by appellant and the trial court on the
date of the hearing at which the court accepted appellant’s plea, which is included
in the record of the case, gives appellant’s birth date as July 7, 1983, making him
22 years old at the time of the offense on April 9, 2006, and therefore ineligible for
exemption from registration requirements as an offender “younger than 19 years
of age” at the time of the offense. See Tex. Code Crim. Proc. Ann. art. 42.017(i).
          Because the affirmative finding required by articles 42.12 and 42.017 of the
Code of Criminal Procedure was not made and filed with the papers in the case,
and indeed could not be made, as shown by the record, appellant was not eligible
to petition under article 62.301 of the Code of Criminal Procedure for exemption
from registration as a sex offender.
          We hold that the trial court did not abuse its discretion by failing to find that
appellant was entitled to an exemption from registration as a sex offender.
          We overrule appellant’s third issue.
B.      Involuntary Plea and Motion to Withdraw Guilty Plea
 
          In his first issue, appellant contends that his plea was involuntary because
of his original counsel’s failure to advise him of the ramifications of conviction
under the sex offender statute and his failure to “adequately investigate the relevant
law or facts of the case.” In his second issue, appellant contends that the trial court
abused its discretion in refusing to allow him to withdraw his plea because it was
involuntary due to those failures on the part of his original counsel.
          1.       Appellant’s Motion to Withdraw Guilty Plea
          Article 42.12, section 5(a) of the Code of Criminal Procedure provides that
a defendant may make a written motion requesting final adjudication within 30
days after entering a plea and receiving deferred adjudication under that section,
in which case “the judge shall proceed to final adjudication as in all other cases.” 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a). When a defendant is placed on
deferred adjudication and does not appeal within 30 days, generally he may only
appeal issues that arose after his trial. See Manuel v. State, 994 S.W.2d 658,
661–62 (Tex. Crim. App. 1999); Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App.
2001). However, the Court of Criminal Appeals has held that when a defendant on
deferred adjudication moves to withdraw his original plea and requests final
adjudication, the language in section 5(a) that “the judge shall proceed to final
adjudication as in all other cases” means “that, once the defendant requests final
adjudication, the proceedings resume at the point immediately before the trial judge
deferred adjudication and as if adjudication had not been deferred.” Donovan v.
State, 68 S.W.3d 633, 637 (Tex. Crim. App. 2002). In such a case, “if the
defendant asks to withdraw his plea, the trial judge is empowered to permit or deny
such a withdrawal within his sound discretion.” Id. The trial court likewise “has
discretion to authorize a hearing on the subject at which time he can hear the
defendant’s evidence concerning any reasons for permitting withdrawal, including
allegations that the plea was involuntary.” Id. “A trial court abuses its discretion
when it acts outside the zone of reasonable disagreement.” McGee v. State, 233
S.W.3d 315, 318 (Tex. Crim. App. 2007).
          Here, within 30 days of entering his guilty plea, appellant, through his new
counsel, made a written motion requesting that the offense for which adjudication
of guilt had been deferred be finally adjudicated. See Tex. Code Crim. Proc.
Ann. art. 42.12 § 5(a). This filing permitted appellant to argue that his guilty plea
was involuntary, but the trial court had the discretion to deny his motion to
withdraw his plea of guilty. The question for this Court, therefore, is whether the
trial court acted outside the zone of reasonable disagreement by failing to hold a
hearing in which appellant could have put on evidence that his guilty plea was
involuntary due to his original counsel’s ineffectiveness and that he should have
been allowed to withdraw it. See McGee, 233 S.W.3d at 318.
          2. Involuntariness of Appellant’s Guilty Plea
          Appellant contends that he should have been allowed to withdraw the guilty
plea he entered on July 25, 2007 because it was involuntary as a result of
ineffective assistance of counsel. 
          To make a showing of ineffective assistance of counsel, an appellant must
show that (1) his counsel’s performance was deficient and (2) there is a reasonable
probability that the result of the proceeding would have been different but for his
counsel’s deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). Strickland’s first prong requires appellant to show that
his trial counsel’s performance did not meet an objective standard of
reasonableness. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Labib v. State, 239 S.W.3d 322, 333 (Tex. App.—Houston [1st Dist.] 2007, no
pet.). This objective standard of reasonableness requires that a defendant show
through a preponderance of the evidence that his counsel’s representation fell
below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002). In making a determination of ineffective assistance of counsel, we
consider the totality of the representation, and it is the defendant’s burden to show
that his counsel was ineffective. Thompson, 9 S.W.3d at 813. The appellate record
must support the claim. Id. 
          For a plea to be valid it must be given voluntarily and knowingly. Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 2006). A plea is not voluntary if
it is made as a result of ineffective assistance of counsel. Id.; Ex parte Burns, 601
S.W.2d 370, 372 (Tex. Crim. App. 1980). In determining whether a plea is
voluntary we consider the record as a whole. Labib, 239 S.W.3d at 332. A plea
of guilty based on erroneous information conveyed to the defendant by his trial
counsel is involuntary. Id. at 333. In the context of a claim that the defendant
involuntarily pleaded guilty, the defendant must show that (1) his counsel’s advice
was outside the range of competency demanded of attorneys in criminal cases and
(2) but for his counsel’s erroneous advice, the defendant would not have pleaded
guilty and would instead have gone to trial. Id. (citing Ex parte Moody, 991
S.W.2d 856, 857–58 (Tex. Crim. App. 1999)). 
          a.       Involuntariness Due to Counsel’s Failure to Advise Regarding
Ramifications of Plea
 
          Appellant first contends that his plea was involuntary because of his
counsel’s failure to advise him of the ramifications of conviction under the sex
offender statute. 
          Article 26.13 of the Code of Criminal Procedure requires that, before
accepting a guilty plea, the trial court must admonish a defendant of (1) the range
of punishment; (2) the fact that the State’s punishment recommendation is not
binding on the court; (3) the limited right to appeal; (4) the possibility of
deportation if the defendant is not a United States citizen; and, where applicable,
(5) the fact that he may be required to comply with registration requirements under
Chapter 62 of the Code. See Tex. Code Crim. Proc. Ann. art 26.13(a) (Vernon
2006); Cardoza v. State, 238 S.W.3d 416, 419 (Tex. App.—Houston [1st Dist.]
2007, no pet.). A defendant does not have to be admonished regarding the specific
details or effects of the registration. Carter v. State, 82 S.W.3d 392, 395 (Tex.
App.—Austin 2002, no pet.); see also Mitschke v. State, 129 S.W.3d 130, 136
(Tex. Crim. App. 2004) (holding that “[a] trial court is not required to admonish
a defendant about every possible consequence of his plea, direct or collateral, only
about those direct consequences that are punitive in nature or specifically
enunciated in the law”). 
          If the appellate record indicates that the trial court provided the defendant
with proper admonishments, this constitutes a prima facie showing that the guilty
plea was made voluntarily and knowingly. Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); Labib, 239 S.W.3d at 332. When the record includes a
prima facie showing that the plea was made voluntarily and knowingly, the
appellant has the burden to show that he entered the plea without understanding its
consequences. Labib, 239 S.W.3d at 332. An appellant who attests when he enters
his plea of guilty that he understands the nature of his plea and that it is voluntary
has a heavy burden on appeal to show that his plea was involuntary. Id. An
appellant’s uncorroborated affidavit stating that he was misinformed by counsel is
not sufficient to show that his plea was involuntary. Id. at 334. 
          Here, appellant signed or initialed standard admonishments, including one
that informed him that he would have to register as a sex offender under Article 62
of the Code of Criminal Procedure if he were adjudicated guilty and that he would
have to do this for the remainder of his life. The admonishments also indicated that
appellant would have to verify his registration periodically, depending on where
he lived, worked, or visited. Appellant affirmed that he was signing the
admonishments freely and voluntarily, and his attorney, Monks, signed a statement
indicating that he had explained the admonishments to appellant. In addition, the
trial court affirmed on the record that it had admonished appellant of the fact that
he would be required to register as a sex offender for the rest of his life, and it
affirmatively found that appellant was aware of and understood the registration
requirements of chapter 62 of the Code of Criminal Procedure. Appellant did not
produce any evidence, other than his uncorroborated verified motion, to indicate
that his trial counsel failed to explain the admonishments to him. Such
uncorroborated assertions do not satisfy appellant’s heavy burden. See Labib, 239
S.W.3d at 332–33; see also Arreola v. State, 207 S.W.3d, 387, 393 (Tex.
App.—Houston [1st Dist.] 2006, no pet.) (stating that defendant’s uncorroborated
assertions that he was misinformed by counsel regarding sex offender registration
do not satisfy burden of showing that plea was involuntary).
          Appellant has failed to show that his counsel’s advise regarding the
consequences of his plea was outside the range of competency demanded of
attorneys in criminal cases. See Labib, 239 S.W.3d at 333. We conclude that
appellant has failed to show that his plea was involuntary on this ground. 
          b.       Involuntariness Due to Failure to Investigate
          Appellant further claims that his plea was involuntary because of his trial
counsel’s failure to investigate. Appellant’s sole basis for this claim is his
conclusory assertion in his sworn motion to withdraw his plea that he believed the
victim “lied to the authorities about her age and she was, in fact, seventeen at the
time of this alleged offense.” He contends that “to the best of [his] knowledge, the
attorney never investigated . . . further.” 
          Nothing in the record or appellant’s brief indicates an evidentiary basis for
appellant’s subjective belief that the complainant lied to the authorities and was
actually 17 at the time of the offense, and nothing supports his contention that “to
the best of his knowledge” his counsel “never investigated this matter further.” 
See Labib, 239 S.W.3d at 335 (stating that record must clearly indicate that
exculpatory evidence existed for defendant to prevail upon involuntary plea claim). 
Indeed, the trial court could have discounted appellant’s sworn motion as lacking
credibility. See id. at 334. 
          Appellant has failed to show that his counsel’s investigation of the
complainant’s age was outside the range of competency demanded of attorneys in
criminal cases. See Labib, 239 S.W.3d at 333. We conclude that appellant has
failed to show that his plea was involuntary on this ground. 
          Having determined that appellant has failed to show that his plea was
involuntary due to his counsel’s ineffectiveness, we conclude that the trial court did
not abuse its discretion in denying appellant’s motion to withdraw his plea without
conducting an evidentiary hearing on the motion. See Donovan, 68 S.W.3d at 637
(stating that trial court “has discretion to authorize a hearing on the subject at
which time he can hear the defendant’s evidence concerning any reasons for
petmitting withdrawal, including allegations that the plea was involuntary.”)
          We overrule appellant’s first and second issues.      
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
 
Panel consists of Justices Keyes, Sharp, and Massengale.
Justice Sharp, concurring; opinion to follow.
Do not publish. Tex. R. App. P. 47.2(b).