Opinion issued November 18, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00282-CR

NO. 01-08-00283-CR

———————————

JEREMIAH
BOYEE MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 400th District Court 

Fort Bend County, Texas



Trial
Court Case Nos. 42,282 & 42,283

 



 

MEMORANDUM  OPINION

          In appellate cause number
01-08-00282-CR, appellant, Jeremiah Boyee Moore, was charged with the third-degree
felony offense of possession of a controlled substance, namely cocaine weighing
one gram or more but less than four grams.[1]  In appellate cause number 01-08-00283-CR,
appellant was charged with the offense of aggravated robbery.[2]  Appellant pleaded guilty without an agreed
punishment recommendation from the State to each offense.  After a presentence investigation report was
prepared, the court held a sentencing hearing.  At the end of the hearing, the court found
appellant guilty of each offense.  The
court assessed punishment for the possession of a controlled substance offense at
4 years in prison and at 35 years in prison for the aggravated robbery offense,
with the sentences to run concurrently.  

          Appellant’s appointed counsel has
filed an Anders brief and a motion to
withdraw in the aggravated-robbery appeal.[3]  Appellant raises one issue for review in the
possession of a controlled substance appeal. 
Appellant contends that the trial court did not properly admonish him
before he pleaded guilty to the offense of aggravated robbery.

          We affirm the judgment in each
appellate cause.  

Background

          On May 3, 2005, appellant and his
friend, Jamarktric Henderson, walked into a Missouri City video store shortly
before it closed.  Appellant pulled a
9-millimeter handgun from his clothing and pointed it at two store
employees.  He told them to give him the
money from the cash register.  Appellant
also told the employees that he would kill them if the police came.  The assailants also instructed the employees
to open the safe.  

          Because the safe had a timer system, the
employees had to wait 10 minutes to open it. 
In the meantime, police were dispatched to the store.  When they left the store, the two assailants
were chased by the police.  Appellant ran
in front of, and was struck by, a police car. 
Appellant was arrested and taken to the hospital, after which he
recovered.  The employees from the store
identified appellant as one of the assailants. 
At the time of his arrest, the police recovered Xanax, marihuana, and
crack cocaine from appellant’s clothing. 


          Appellant was charged in two separate
indictments with the offenses of aggravated robbery and possession of a
controlled substance, namely cocaine weighing one gram or more but less than
four grams.  Appellant pleaded guilty to
both offenses without an agreed sentencing recommendation.  The trial court ordered a presentence
investigation report to be prepared. 
After receiving the report, the trial court conducted a sentencing
hearing, at the end of which the trial court found appellant guilty of each
offense.  The trial court sentenced
appellant to 4 years in prison for the possession offense and to 35 years in
prison for the aggravated robbery offense. 


          Appellant appealed each judgment of
conviction.  The trial court appointed
appellate counsel to represent appellant. 


Possession
of Controlled Substance Offense (No. 01-08-00282-CR)

          In one
issue, appellant challenges the judgment of conviction with respect to the
aggravated robbery offense.  Appellant
asserts, “The trial court erred in accepting Appellants’ plea of guilty without
complying with the requisites of Article 26.13 of the Code of Criminal Procedure.”

          Article 26.13 of the Code of Criminal
Procedure requires that, before accepting a guilty plea, the trial court must
admonish a defendant of (1) the range of punishment; (2) the fact that the
State’s punishment recommendation is not binding on the court; (3) the limited
right to appeal; (4) the possibility of deportation if the defendant is not a
United States citizen; and, where applicable, (5) the fact that he may be
required to comply with registration requirements under Chapter 62 of the Code.
 See
Tex. Code Crim. Proc. Ann.
art 26.13(a) (Vernon Supp. 2006); Cardoza
v. State, 238 S.W.3d 416, 419 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).  

          A review of the record indicates that
the trial court complied with each of the applicable requirements of article
26.13.  We begin by clarifying that
requirements two and three do not apply here because this was not a plea with
an agreed punishment recommendation by the State.  In addition, requirement five does not apply
because possession of a controlled substance is not an offense for which
appellant would be required to comply with the sex-offender registration
requirements of Chapter 62.  

          The record shows that the trial court
complied with the first and fourth requirements.  Appellant was charged with the offense of
possession of a controlled substance, namely cocaine weighing one gram or more
but less than four grams, which is a third-degree felony.  See Tex. Health & Safety Code Ann. §§ 481.102(3)(D),  481.115(a),(c) (Vernon 2010).  The
punishment range for a third-degree felony is confinement in prison for any
term of not more than 10 years or less than 2 years and an optional fine not to
exceed $10,000.  See Tex. Penal Code Ann.
§ 12.34 (Vernon Supp. 2010).  

          Appellant waived the right to have a court
reporter record his plea, but the record reflects that the trial court
admonished appellant in writing regarding the applicable punishment range.  See Tex. Code Crim. Proc. Ann. art.
26.13(d) (providing admonitions may be oral or written).  Appellant placed his initials next to the
admonishment, indicating that he understood the punishment range for the
offense.  

          The trial court also informed
appellant that if he was not a citizen of the United States his guilty plea might
“result in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law.” 
Appellant placed his initials next to the admonition indicating that he
understood it.  Appellant signed his full
name at the end of the plea papers, which included the written
admonitions.  

          Appellant also signed a written
stipulation and judicial confession in which he acknowledged that he was
mentally competent, he understood all of the admonitions and the consequences
of his plea, and he had entered his plea voluntarily.  In addition, he also indicated that he had
consulted fully with his attorney before entering the plea.  Appellant’s counsel also signed a document
stating that appellant understood the trial court’s admonitions and the consequences
of his guilty plea.  

          Based on our review of the record, we
conclude that the trial court admonished appellant in accordance with the
applicable requirements of article 26.13. 
We overrule appellant’s sole issue in appellate cause number 01-08-00282-CR.

Aggravated
Robbery Offense (No. 01-08-00283-CR)

          In the aggravated-robbery
appeal, appellant’s court-appointed counsel has filed an Anders brief in which he states that, after
a thorough review of the record, the appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel has also filed a motion to
withdraw.  

 

A.      Anders
Procedure

When we receive an Anders brief
from a defendant’s court-appointed attorney, who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  See id. (emphasizing that reviewing
court—and not counsel—determines, after full examination of proceedings,
whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  If we
determine that arguable grounds for appeal exist, we must grant counsel’s
motion to withdraw, abate the appeal, and remand the case to the trial court to
appoint new counsel to brief the issues.  See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 511.  We do not rule on the ultimate merits of the
issues raised by appellant in his pro se response.  See Bledsoe, 178 S.W.3d at 827.  If we determine that there are arguable
grounds for appeal, an appellant is entitled to have new counsel address the
merits of the issues raised.  See id.  “Only after the issues have been briefed
by new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other
hand, we determine, from our independent review of the entire record, that an
appeal is wholly frivolous, we may issue an opinion in which we explain that we
have reviewed the record and have found no reversible error.  See id.
at 826–27.  While this Court may issue an
opinion explaining why the appeal lacks arguable merit, we are not required to
do so.  See Garner v. State, 300
S.W.3d 763, 767 (Tex. Crim. App. 2009). 
An appellant may challenge a holding that there are no arguable grounds
for appeal by filing a petition for discretionary review in the Court of
Criminal Appeals.  See Bledsoe, 178 S.W.3d at 827 & n. 6.

B.      Analysis

In this appeal, the
brief filed by appellant’s counsel meets the minimum Anders requirements by presenting a professional evaluation of the
record and discussing why there are no arguable grounds for reversal on appeal.
 See Anders, 386 U.S. at 744, 87 S. Ct. at 1400;
see also High v. State, 573 S.W.2d
807, 812 (Tex. Crim. App. 1978); Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969).  In his Anders brief, counsel states that he has
thoroughly and conscientiously reviewed the record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel also acknowledges his duty to
advance arguable grounds of error if any exist.  See
id.  Based on his review of the
record, counsel indicates that he could find no errors which would warrant a
reversal of appellant’s conviction.  See id.; Mitchell v. State, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).  In this brief, counsel
discusses the adequacy of the plea proceedings, supplies us with references to
the record, and provides us with citation to legal authorities.  See Stafford v. State, 813 S.W.2d at 510
n.3; cf. High v. State, 573 S.W.2d
807, 811 (Tex. Crim. App. 1978).  

          Counsel’s
brief reflects that he delivered a copy of the brief to appellant and informed
him of his right to examine the appellate record and to file a response.  See In
re Schulman, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  More than 30 days have passed, and appellant
has not filed a pro se brief.  See id. at 409 n. 23.

We have reviewed
counsel’s brief and conducted an independent examination of the complete record.
 See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Bledsoe, 178 S.W.2d 826–27; Mitchell,
193 S.W.3d at 155.  We conclude that no
reversible error exists in the record, there are no arguable grounds for review, and that the appeal
is wholly frivolous.  See Anders,
386 U.S. at 744, 87 S. Ct. at 1400; Garner,
300 S.W.3d at 767; Bledsoe, 178
S.W.3d at 826-27; Mitchell, 193
S.W.3d at 155.  

In addition, we grant counsel’s
motion to withdraw.[4]  See Schulman,
252 S.W.3d at 408–09 (discussing requirements to be met before appellate court grants
motion to withdraw in Anders appeal).  Attorney J. Sidney Crowley must immediately
send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a
copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

Conclusion

We affirm
the judgments of the trial court in appellate cause numbers 01-08-00282-CR and
01-08-00283-CR.

 

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]
          See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon 2010); Tex. Health & Safety Code Ann. § 481.115(a),(c) (Vernon 2010).

 





[2]
          See Tex. Penal Code Ann. §§ 29.02(a)(2),
29.03(a)(2) (Vernon 2003).

 





[3]
          See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400
(1967).





[4]
          Appointed counsel still has a duty to inform appellant of the result of
this appeal and that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).